VALLEY CABLE VISION, INC. *v.* PUBLIC UTILITIES COMMISSION OF THE STATE OF CONNECTICUT

COTTER, LOISELLE, BOGDANSKI, LONGO and HEALEY, Js.

Argued February 15—decision released April 25, 1978

*Nicholas B. Eddy,* with whom, on the brief, was *H. James Stedronsky,* for the appellant (plaintiff).

*Marshall R. Collins,* assistant attorney general, with whom were *William B. Gundling,* assistant attorney general, and, on the brief, *Carl R. Ajello,* attorney general, for the appellee (defendant).

BOGDANSKI, J. The plaintiff, Valley Cable Vision, Inc., appealed to the Court of Common Pleas from the denial by the defendant public utilities commission (now the public utilities control authority) of its application for a proposed amendment to its rate schedule. That appeal was initiated by service of process on the secretary of the public utilities commission (hereinafter the P.U.C.) on May 30, 1975, returnable the first Tuesday of July, 1975. On May 28, 1975, the plaintiff obtained an order of notice from the court directed to all intervenors and to the residents of the towns of Ansonia, Derby, Shelton, Beacon Falls, Naugatuck, Seymour and Oxford. The order of notice was published in various newspapers located in the plaintiff's franchise area and a return of those publications was made on June 27, 1975.

On July 7, 1975, the P.U.C. moved to erase the appeal for lack of jurisdiction on the ground that the plaintiff failed to comply with the provisions of § 16-37 of the General Statutes pertaining to the service and return of process. That motion was denied by the court (*Levine, J.*). Thereafter, the P.U.C. filed an answer and a special defense, alleging again a lack of jurisdiction on the grounds that the appeal was improperly brought. The plaintiff's motion to expunge the special defense was denied by the court (*Satter, J.*). The court (*Kline, J.*), without addressing itself to the special defense, ordered that judgment be rendered for the P.U.C. on the merits. From that judgment, the plaintiff has appealed to this court.

The appeal before us raises two issues: (1) whether the court erred in sustaining the action of the P.U.C. and (2) whether the court erred in accepting jurisdiction of the appeal.

Whenever a lack of jurisdiction appears on the record, the court must consider the question. *Groton* v. *Commission on Human Rights & Opportunities,* 169 Conn. 89, 101, 362 A.2d 1359. The court must address itself to that issue and fully resolve it before proceeding further with the case. *Kohn Display & Woodworking Co.* v. *Paragon Paint & Varnish Corporation,* 166 Conn. 446, 448, 352 A.2d 301; *Wawrzynowicz* v. *Wawrzynowicz,* 164 Conn. 200, 203, 319 A.2d 407.

Appeals to courts from administrative agencies exist only under statutory authority. *Tazza* v. *Planning & Zoning Commission,* 164 Conn. 187, 190, 319 A.2d 393; *East Side Civic Assn.* v. *Planning & Zoning Commission,* 161 Conn. 558, 560, 290 A.2d 348. A statutory right to appeal may be pursued only by a strict compliance with the provisions of the statute by which that right was created. *In re Nunez,* 165 Conn. 435, 441, 334 A.2d 898; *Chanosky* v. *City Building Supply Co.,* 152 Conn. 449, 451, 208 A.2d 337. Provisions in the statutes as to time requirements are mandatory and, if not complied with, render the appeal subject to abatement. *Daley* v. *Board of Police Commissioners,* 133 Conn. 716, 719, 54 A.2d 501.

The appeal to the Court of Common Pleas was taken pursuant to the provisions of § 16-35 of the General Statutes.[1] The specific procedure to commence such an appeal is set forth in § 16-37 of the

[1] Section 16-35 (Rev. to 1975) entitled "Appeals to Court of Common Pleas" provides: "Any company, town, city, borough, corporation or person aggrieved by any order, authorization or decision of the commission, except an order, authorization or decision of the commission approving the taking of land, in any matter to which he or it was or ought to have been made a party, may appeal there-

General Statutes (Rev. to 1975) as follows: "Such appeal shall be brought by a complaint in writing . . . . and *shall* be served at least twelve days before the return day upon the *secretary* of the commission and upon *all parties* having an interest adverse to the appellant. Such appeals *shall* be brought to a return day of the court to which such appeal is taken not less than twelve or *more* than *thirty* days after service thereof." (Emphasis added.) Clearly § 16-37 expressly requires that such appeals be brought to a return day of court not more than thirty days after service upon the secretary of the P.U.C. and upon adverse parties.

It is undisputed that the present appeal was brought to a return day thirty-two days after service upon the secretary. The P.U.C. claims that the plaintiff's failure to follow the return of process mandated by § 16-37 renders the appeal void. The plaintiff, in turn, contends that the alleged defect was cured by the service upon other parties by publication pursuant to § 16-38[2] of the General Statutes and by the return within the appropriate time period.

In Connecticut, an action is commenced on the date of service of the writ upon the defendant. *Broderick* v. *Jackman,* 167 Conn. 96, 99, 355 A.2d

from to the court of common pleas within thirty days after the filing of such order, authorization or decision. The party so appealing shall give bond to the state, with sufficient surety, for the benefit of the adverse party, in such sum as the commission fixes, to pay all costs in case he or it fails to sustain such appeal."

[2] Section 16-38 (Rev. to 1975) provides: "When the persons who should *otherwise* be made parties to such appeal are so numerous that it would be impracticable or unreasonably expensive to make them all parties . . . any judge of the court of common pleas . . . may order notice of such appeal to be given . . . by some method other than by personal service . . . ." (Emphasis added.)

234; *Seaboard Burner Corporation* v. *DeLong,* 145 Conn. 300, 303, 141 A.2d 642; *Consolidated Motor Lines, Inc.* v. *M & M Transportation Co.,* 128 Conn. 107, 109, 20 A.2d 621; *Spalding* v. *Butts,* 6 Conn. 28, 30; *Jencks* v. *Phelps,* 4 Conn. 149; *Clark* v. *Helms,* 1 Root 486. It is undisputed that the P.U.C. is the only party defendant in this appeal. To accept the plaintiff's reasoning that an order of publication cured the untimely service and the return is to ignore the fact that the P.U.C. is the only defendant in this appeal, that the provisions of § 16-37 are mandatory as to the parties to be served, and that the settled law is that an action is commenced by service upon the defendant.

Section 16-37 specifically requires service of the appeal upon the secretary of the P.U.C. and upon parties having an interest adverse to the plaintiff. The P.U.C.'s regulations define "party" to be each person named or admitted by the P.U.C. as a party to a contested case, whose legal rights, duties or privileges will be determined by the decision of the commission. Regs, Conn. State Agencies § 16-1-2 (g). An "intervenor" is defined to be each person admitted by the presiding officer as a participant in a contested case who is not a party. § 16-1-2 (i). The persons to whom the plaintiff gave notice by publication pursuant to § 16-38 were intervenors and residents of the various towns located in the franchise area. There is no claim by the plaintiff that those intervenors and town residents had legal rights, duties or privileges to be determined by the decision of the commission or that they could have been joined as parties. Notice by publication on persons who cannot be joined as parties will not cure an untimely service and return of process upon an indispensable party.

The legislative mandate under §§ 16-35 and 16-37 is clear: thirty days to take an appeal and, if one is taken, thirty days to return it to court after its commencement. Statutory time limitations for the taking of an appeal and for the return of process to court from an administrative decision secures, in the public interest, a speedy determination of the issues involved. See *Fidelity Trust Co.* v. *Lamb,* 164 Conn. 126, 132, 318 A.2d 109. We conclude that the court erred in assuming jurisdiction. Because there is a want of jurisdiction, we lack the power to proceed any further.

There is error, the judgment is set aside and the case remanded with direction to dismiss the appeal for want of jurisdiction.

In this opinion the other judges concurred.