The plaintiff has appealed to this court from the dismissal by the Superior Court of his appeal from a decision of the Wethersfield planning and zoning commission.
The relevant facts are as follows: On September 18, 1981, the Wethersfield planning and zoning commission heard the application of Jordan Lane Associates for a zone change for certain of its property. The plaintiff, whose property abuts the land involved in the proposed zone change, testified at the hearing in opposition to the rezoning. On December 9, 1981, the plaintiff requested the director of community development for the town to notify him of the commission's decision when it was rendered.
The commission granted the application on December 15, 1981, and had notice of its decision published on December 18, 1981, in the New Britain Herald, a newspaper of substantial circulation in the town of Wethersfield. The director of community development advised the plaintiff of the commission's action on January 5, 1982. The plaintiff filed an appeal from the *Page 591 
decision to the Superior Court on January 14, 1982, which the court dismissed for the reason that it was not timely filed.
In his appeal from the dismissal, the plaintiff argues that notice by publication of a zoning commission's decision is insufficient under the due process clauses of the constitutions of the United States and Connecticut when an aggrieved person has requested personal notice of the decision. "There is no constitutional right to judicial review of the action of a planning or zoning agency. Such review exists only under statutory authority." (Citations omitted.) Schwartz v. Town Plan Zoning Commission,168 Conn. 20, 24-25, 357 A.2d 495 (1975).
The plaintiff's right to appeal in the present case is authorized by General Statutes 8-28.[1] The plaintiff does not claim that the statute, in authorizing notice by publication, is constitutionally defective on its face or that the choice of the New Britain Herald does not comply with the statutory requirement that the newspaper be one with a "substantial circulation in the municipality." Rather, the plaintiff contends that due process mandates personal notice in his case because of his specific request for notification.
The fundamental requirements of due process are an "effective opportunity to be heard and proper notice thereof" (Emphasis added.) Society for Savings v. Chestnut Estates, Inc., 176 Conn. 563, 572,409 A.2d 1020 (1979). There is no hard and fast rule defining what constitutes proper notice; rather; "due process requires that the procedure involved must be appropriate *Page 592 
to the nature of the case." Shea v. State Employees' Retirement Commission, 170 Conn. 610,616, 368 A.2d 159 (1976). In construing the notice provision of General Statutes 8-3 which, like 8-28, authorizes notice by publication in a newspaper having a substantial circulation in the municipality, our Supreme Court has stated that the "`fundamental reason for the requirement of notice is to advise all affected parties of the opportunity to be heard . . . .' What is required is not actual notice, but, rather, constructive notice." Jarvis Acres, Inc. v. Zoning Commission, 163 Conn. 41,47, 301 A.2d 244 (1972). The intent is to notify "as much of the populace as possible." Id. This analysis applies as well to the notice provision of 8-28
since that section extends the right of appeal to a large class of people comprised of abutting landowners affected by a zoning commission's decision and any person aggrieved by a commission's official action or decision.[2]
Given the need to alert a potentially large number of people whenever a zoning commission renders a decision, notice by publication complies with the constitutional requirement of due process under these circumstances.
An additional reason to uphold the applicability of the notice provision of 8-28 to the present case lies in the public policy considerations reflected in the setting of a specific statutory appeal period. "[A] statute such as 8-28 fixing a rather brief time within which an appeal may be taken to the courts is designed . . . to secure, in the public interest, a speedy determination of the issues involved . . . . It would therefore be unreasonable to give to 8-28 a meaning which would open the appeal process to delays flowing from any of the many factors which would cause a notice, seasonably given, to be long delayed in reaching the prospective appellant." Akin v. Norwalk,163 Conn. 68, 74, 301 A.2d 258 (1972), quoting Hubbard v. Planning Commission, 151 Conn. 269, 272, *Page 593 196 A.2d 760 (1963). Allowing the commencing of the appeal period to hinge upon the date of the receipt of a requested personal notice creates the spectre of unreasonable delay which the statute is intended to avoid.
It is undisputed that the defendant complied with the notice requirement set forth in 8-28. Publication of the commission's decision on December 18, 1981, initiated the fifteen day appeal period; the plaintiff failed to file his appeal within that time. Statutory provisions limiting the time within which to take an administrative appeal are mandatory and, if not complied with, render an appeal subject to dismissal. Royce v. Freedom of Information Commission, 177 Conn. 584, 587, 418 A.2d 939 (1979).
 There is no error.
DALY, COVELLO and F. HENNESSY, Js., participated in this decision.