[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS (#103)
Harrison and Ann Perse, the plaintiffs-applicants, appealed to this court from a decision of the Town of Salisbury's Board of Tax Review ("the Board") the defendant. The plaintiffs assert that the defendant Town of Salisbury's assessors valued the plaintiffs' Lakeville property at an excessively high rate and that, upon appeal to the Board, no revisions to the valuation were made. The plaintiffs then appealed to this court, seeking a reduction in the valuation of their property.
On October 2, 1991, the defendants filed a motion to dismiss the plaintiffs' appeal for lack of subject matter jurisdiction on the basis that the plaintiffs failed to appeal within the two month period required by Conn. Gen. Stat. 12-118 and, therefore, this court lacks subject matter jurisdiction over the appeal. The plaintiffs predicate their appeal on Conn. Pub. Acts No. 89-231, 4 (1989), which was repealed and replaced by Conn. Pub. Acts No. 90-266, 4 (1990). Thereafter, on October 9, 1991, the plaintiffs filed a memorandum in opposition to the motion to dismiss. CT Page 8520 On October 15, 1991, the defendants filed a reply memorandum in support of the motion to dismiss.
The following facts are pertinent to the resolution of this issue. On April 22, 1991, the Board refused to revise the valuation of the plaintiffs' property. Written notification of the Board's decision was received April 29, 1991. The plaintiffs' summons and appeal are signed and dated June 28, 1991. Personal service was made on Patricia Gomez, Assistant Town Clerk for the Town of Salisbury, and on John Rice, Chairman of the Board, on June 28, 1991. On July 17, 1991, the sheriff is return, dated June 28, 1991, and the appeal and summons were filed and time stamped in the clerk's office of the Litchfield Superior Court.
The motion to dismiss is provided for in Practice Book 142-146, and is the proper manner by which to assert lack of jurisdiction over the subject matter. Practice Book 143. "Although every presumption is to be indulged in favor of jurisdiction," LeConche v. Elligers, 215 Conn. 701,710 579 A.2d 1 (1990), "whenever the court determines that it lacks jurisdiction over the subject matter, the action shall be dismissed." Practice Book 145. See also Castro v. Viera, 207 Conn. 420, 429-30,541 A.2d 1216 (1988).
In their memorandum in support of their motion to dismiss, the defendants argue that because the plaintiffs' appeal was not filed within two months of the Board's April 22, 1991 decision, the appeal is untimely pursuant to Conn. Pub. Acts No. 90-266, 4 (1990) and General Statutes 12-118, and therefore, it must be dismissed.
The plaintiffs, in their memorandum in opposition to the motion to dismiss, argue that the two month period begins to run on the date the written notification of the Board's decision is received, here, April 29, 1991. The plaintiffs argue that they have filed their appeal to this court within two months after the date of the written notification of the Board's determination and, consequently, that the motion to dismiss should be denied.
The act of service upon the defendant here, June 28, is the time at which the plaintiff is deemed to have filed his appeal. Gregersen v. Wilton, 5 C.S.C.R. 119, 120 (December 18, 1989, Cioffi, J.); Valley Cable Vision, Inc. v. Public Utilities Comm'n, 175 Conn. 30,392 A.2d 485 (1978). In order for the court to have subject matter jurisdiction, June 28, 1991, must be within the two month time period required by Conn. Pub. Acts No. 90-266 4 (1990). That section states, in pertinent part, that:
 [A]ny person . . . claiming to be aggrieved by the action of the board of tax review in any town or city with respect to the assessment list. . .may, within two months from the time of such action, make application, in the nature of an appeal therefrom, to the superior court. . . .
CT Page 8521
A "`statutory right to appeal may be taken advantage of only by strict compliance with the statutory provisions by which it is created.'" Citizens Against Pollution Northwest, Inc. v. Connecticut Siting Council,217 Conn. 143, 152, 584 A.2d 1183 (1991) (quoting Chestnut Realty Inc. v. Commission on Human Rights Opportunities, 201 Conn. 350, 356, 514 A.2d 749
(1986)). See also Gregersen, supra at 19. Furthermore, statutory provisions which limit "the time within which to take an . . . appeal are mandatory and, if not complied with, render an appeal subject to dismissal." Gregersen, supra at 19 (citing Fleischmann v. Planning and Zoning Comm'n of the Town of Wethersfield, 38 Conn. Sup. 590, 456 A.2d 791 (App. Sess. 1982). Thus, if the plaintiffs did not appeal within two months of the Board's action, their appeal must be dismissed.
Conn. Gen. Stat. 12-111 governs appeals to a board of tax review and provides, in pertinent part, that:
 At such meeting [of the Board] any person. . .claiming to be aggrieved by the doings of the assessors of such town may appeal therefrom to such board of tax review, which shall determine all such appeals and report in writing the final determination of such appeals to each such person within one week after such determination has been made.
The plaintiffs argue that, because General Statutes 12-111 requires the Board to do two things, specifically, determine the appeal and report in writing the final determination of the appeal to the appellant, "action," as it is used in Public Act No. 90-266, 4 applies to both of these requirements, and that the two month period does not commence until the latter of these two requirements, written notification, is completed.
Words and phrases in statutes are to be "construed according to the commonly approved usage of the language. . . ." Conn. Gen. Stat. 1-1(a). Additionally, "[t]he [legislature] is always presumed to know all the existing statutes and the effect that its action or non-action will have upon any one of them. And it is always presumed to have intended that effect which its action or non-action produces . . . [it is also presumed that the legislature] has acted with the intention of creating a consisted body of law." All Brand Importers, Inc. v. Department of Liquor Control, 213 Conn. 184, 197, 567 A.2d 1156 (1989) (citations omitted).
A review of other statutes demonstrates that when the legislature intended the date of notice to commence the time period within which an appeal must be filed, the words of the statute explicitly convey such an intent. See, e.g., General Statutes 8-8 (b) (stating that "[t]he appeal shall be commenced . . . within fifteen days from the date that notice of the decision was published. . . .") (Emphasis added.) See also General Statutes 12-422 (stating that "[a]ny taxpayer aggrieved because of any order, decision, determination or disallowance. . . may, within one
CT Page 8522
month after service upon the taxpayer of notice of such order, decision determination or disallowance, take an appeal therefrom to the superior court. . . .") (emphasis added); General Statutes 12-448 and4-183 (c). Because no such language is included in Public Acts No. 90-266, 4 (1990), the legislature did not intend such a result with regard to this statute. Rather, it appears that the legislature intended the two month clock to begin ticking upon the determination of the Board, not upon the date of the written notification of such determination. Indeed, in Gregersen, supra, the Board reached its decision on February 28, 1989. The court held that for the plaintiffs appeal to be timely they would have to have filed an application, in the nature of an appeal, before the appeal period expired on April 28, 1989. Gregersen, supra.
In the present case, to be timely, the plaintiffs' appeal would have to have been filed within two months of the Board's determination, or by June 22, 1991. Because the plaintiffs' appeal was not filed with this court until June 28, 1991, the day on which service was made on the defendants, this court lacks jurisdiction over the subject matter of this case, and the defendants' motion to dismiss is granted.
SUSCO, JUDGE