[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE: MOTION TO DISMISS (#101)
On May 8, 1991, Hugh and Jean Allen, the plaintiffs-applicants, CT Page 8339 appealed to this court from a decision of the Town of Goshen's Board of Tax Review. The plaintiffs claim that the defendant Town of Goshen's assessors valued the plaintiffs' Goshen property at an excessively high rate and that, upon appeal to the Board, no revisions to the valuation were made. Therefore, the plaintiffs appealed to this court, seeking a reduction in the valuation of their property.
On July 10, 1991, the defendant filed a motion to dismiss the plaintiffs' appeal for lack of subject matter jurisdiction. The defendant, in its supporting memorandum, argues that the plaintiffs failed to appeal within the two month appeal period allocated by Conn. Pub. Acts No. 90-266, 4 (1990) and that, therefore, this court lacks subject matter jurisdiction over the appeal. Thereafter, on August 13, 1991, the plaintiffs filed an objection to the motion to dismiss and attached thereto a supporting memorandum.
The following facts are pertinent to the resolution of this issue. February 25, 1991, the Board refused to revise the valuation of the plaintiffs' property. Written notification of the Board's decision was dated March 3, 1991, and the decision was recorded in the Town Clerk's office on March 5, 1991. The plaintiff's application, citation and recognizance are all signed and dated May 1, 1991. Personal service was made on Lorraine Franzi, Goshen Town Clerk, and on Patricia Hageman, Chairperson of the Board on May 1, 1991. On May 8, 1991, the sheriff's return, dated May 1, 1991, and the application, citation and recognizance were filed and time stamped in the clerk's office of the Litchfield Superior Court.
The motion to dismiss is provided for in Practice Book 142-146, and is the proper manner by which to assert lack of jurisdiction over the subject matter. Practice Book 143. "Although every presumption is to be indulged in favor of jurisdiction," LeConche v. Elligers, 215 Conn. 701,710, "whenever the court determines that it lacks jurisdiction over the subject matter, the action shall be dismissed." Practice Book 145. See also Castro v. Viera, 207 Conn. 420, 429-30, 541 A.2d 1216 (1988).
In its memorandum in support of its motion to dismiss, the defendant argues that the two month period begins to run on the date of the written notification of the Board's decision, here, March 3, 1991. The plaintiffs argue that they have filed their appeal to this court within two months after the date on the written notification of the Board's determination and, consequently, that the motion to dismiss should be denied.
The act of service upon the defendant is the time at which the plaintiff is deemed to have filed his appeal. Gregersen v. Wilton,5 C.S.C.R. 119, 120 (December 18, 1989, Cioffi, J.); Valley Cable Vision, Inc. v. Public Utilities Comm'n, 175 Conn. 30, 392 A.2d 485 (1978). In the present case, May 1, 1991 is the date on which the defendant was served. For there to exist subject matter jurisdiction, May 1, 1991, must be within the two months time period allocated by Conn. Pub. Acts No. 90-266 4 (1990). That CT Page 8340 section states, in pertinent part, that:
 [A]ny person. . .claiming to be aggrieved by the action of the board of tax review in any town or city with respect to assessment list. . .may, within two months from the time of such action, make application, in the nature of an appeal therefrom, to the superior court. . . . Id.
(General Statutes 12-118 uses essentially the same language.)
A "`statutory right to appeal may be taken advantage of only by strict compliance with the statutory provisions by which it is created.'" Citizens Against Pollution Northwest, Inc. v. Connecticut Siting Council,217 Conn. 143, 152, 584 A.2d 1183 (1991) (quoting Chestnut Realty Inc. v. Commission on Human Rights Opportunities, 201 Conn. 350, 356,514 A.2d 749 (1986)). See also Gregersen, supra at 19. Furthermore, statutory provisions which limit "the time within which to take an. . . appeal are mandatory and, if not complied with, render an appeal subject to dismissal." Gregersen, supra at 19 (citing Fleischmann v. Planning and Zoning Comm'n of the Town of Wethersfield, 38 Conn. Sup. 590, 456 A.2d 791
(App. Sess. 1982). Thus, if the plaintiffs did not appeal within two months of the Board's action, their appeal must be dismissed.
Consequently, the issue to be resolved is what is meant by the word "action" as it appears in 4 of Public Act 90-266. General Statutes 12-111
sets forth the requirements regarding an appeal to a board of tax review. That section provides, in pertinent part, that:
 At such meeting [of the Board] any person. . .claiming to be aggrieved by the doings of the assessors of such town may appeal therefrom to such board of tax review, which shall determine all such appeals and report in writing the final determination of such appeals to each such person within one week after such determination has been made.
General Statutes 12-111.
The plaintiffs argue that, because General Statutes 12-111 requires the Board to do two things specifically, determine the appeal and report in writing the final determination of the appeal to the appellant, "action," as it is used in Public Act No. 90-266, 4 applies to both of these requirements, and that, consequently, the two month period does not commence until the latter of these two requirements, written notification, is completed. However, words and phrases in statutes are to be "construed according to the commonly approved usage of the language. . . ." General Statutes 1-1(a). Additionally, "[T]he [legislature] is always presumed to know all the existing statutes and the effect that its action or non-action will have upon any one of them. And it is always presumed to have intended that effect which its action or non-action produces. . . [Consequently, it is presumed that the legislature] has acted with the intention of creating CT Page 8341 a consistent body of law." All Brand Importers, Inc. v. Department of Liquor Control, 213 Conn. 184, 197, 567 A.2d 1156 (1989) (citations omitted).
In light of the above standards, a review of other statutes demonstrates that when the legislature intended the date of notice to commence the time period within which an appeal must be filed, the words of the statute explicitly convey such an intent. See, e.g., General Statutes 8-8(b) (stating that "[t]he appeal shall be commenced. . .within fifteen days from the date that notice of the decision was published. . . .") (Emphasis added.) See also General Statutes 12-422 (stating that "[a]ny taxpayer aggrieved because of any order, decision, determination or disallowance. . .may, within one month after service upon the taxpayer of notice of such order, decision, determination or disallowance, take an appeal therefrom to the superior court. . . . ") (emphasis added); General Statutes 12-448 and 4-183(c).
Thus, the legislature has specifically stated in other sections of the General Statutes that the time period within which an appeal must be filed begins running upon notice of the decision or upon publication of such notice. Consequently, because no such language is included inPublic Acts No. 90-266, 4 (1990), the legislature did not intend such a result with regard to this statute. Rather, it appears that the legislature intended the two month clock to begin ticking upon the determination of the Board, not upon the date of the written notification of such determination. Indeed, in Gregersen, supra, the Board reached its decision on February 28, 1989. The court held that for the plaintiffs' appeal to be timely they would have to have filed an application, in the nature of an appeal, before the appeal period expired on April 28, 1989. Gregersen, supra.
In the present case, the plaintiffs' appeal must be filed within two months of the Board's determination. Thus, to be timely, the plaintiffs must have filed their appeal with this court no later than April 25, 1991. Consequently, because the plaintiffs' appeal was not filed with this court until May 1, 1991, the day on which service was made on the defendants, this court lacks jurisdiction over the subject matter of this case, and the defendant's motion to dismiss is granted.
PICKETT, J.