[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE: MOTION TO DISMISS (#101)
On May 8, 1991, Frank and Tracy Moss, the plaintiffs-applicants, appealed to this court from a decision of the Town of Goshen's Board of Tax Review. The plaintiffs assert that the defendant Town of Goshen's assessors valued the plaintiffs' Goshen property at an excessively high rate and that, upon appeal to the Board, no revisions to the valuation were made. Therefore, the plaintiffs appealed to CT Page 8515 this court, seeking a reduction in the valuation of their property.
On July 2, 1991, the defendant filed a motion to dismiss the plaintiffs' appeal for lack of subject matter jurisdiction. The defendant, in its supporting memorandum, argues that the plaintiffs failed to appeal within the two month appeal period allocated by Conn. Pub. Arts No. 90-266 4 (1990) and that, therefore, this court lacks subject matter jurisdiction over the appeal. Thereafter, on August 13, 1991, the plaintiffs filed a motion to amend their writ, summons and application, and a memorandum in opposition to the motion to dismiss as well as in support of the motion to amend. On August 26, 1991, the defendant filed an objection to the motion to amend and a memorandum in reply to the plaintiffs' opposition to the motion to dismiss.
The following facts are pertinent to the resolution of this issue. On February 25, 1991, the Board refused to revise the valuation of the plaintiffs' property. Written notification of the Board's decision was dated March 3, 1991, and the decision was recorded in the Town Clerk's office on March 5, 1991. The plaintiffs' application, citation and recognizance are all signed and dated April 26, 1991. Personal service was made on Lorraine Franzi, Goshen Town Clerk, and on Patricia Hageman, Chairperson of the Board, on April 29, 1991. On May 8, 1991, the sheriff's return, dated April 29, 1991, and the application, citation and recognizance were filed and time stamped in the clerk's office of the Litchfield Superior Court.
However, on April 17, 1991, the plaintiffs issued to the sheriff an initial process consisting of the application, citation and recognizance, signed and dated April 10, 1991. When the sheriff informed the plaintiffs' counsel on April 19, 1991 that service of these would be made that day, the plaintiffs' counsel instructed the sheriff to change the return dates from April 30, 1991 to May 7, 1991. The sheriff then served the revised process on April 19, 1991. On April 26, 1991, plaintiffs' counsel received the appeal from the sheriff and discovered that, while the citation and recognizance return dates were changed, the date on the application was not changed from April 30, 1991. Plaintiffs' attorney thereafter re-dated the appeal, provided for new return dates of May 27, 1991, a Monday, and hand-delivered these to the sheriff on the same day, April 26, 1991. These were then served by the sheriff on April 29, 1991.
The motion to dismiss is provided for in Practice Book 142-146, and is the proper manner by which to assert lack of jurisdiction over the subject matter. Practice Book 143. "Although every presumption is to be indulged in favor of jurisdiction," LeConche v. Elligers, 215 Conn. 701,710, 579 A.2d 1 (1990), "whenever the court determines that it lacks jurisdiction over the subject matter, the action shall be dismissed." Practice Book 145. See also Castro v. Viera, 207 Conn. 420, 429-30,541 A.2d 1216 (1988). CT Page 8516
The plaintiffs, in their memorandum in opposition to the motion to dismiss and in support of their motion to amend, claim that because the original process was issued to the sheriff on April 17, 1991, and because the sheriff served the revised process on April 29, 1991, the service was within the fifteen day allocation provided for in General Statutes 52-593a. The plaintiffs State that, accordingly, the time period during which they are permitted to appeal is satisfied, as the April 29, 1991 service will date back to April 17, 1991 as a result of General Statutes 52-593a. The plaintiffs also argue that the two month period begins to run on the date of the written notification of the Board's decision, here, March 3, 1991. The plaintiffs assert what they have filed their appeal in this court within two months after the date on the written notification of the Board's determination and, consequently, that the motion to dismiss should be denied.
In its memorandum in support of its motion to dismiss and in its reply memorandum, the defendant argues that the initial process, issued on April 17, 1991, and served on April 19, 1991 is of no legal significance in this matter because the alteration of the process by the plaintiffs after issuance but prior to service renders the writ invalid and incurable. Consequently, the defendant claims only the April 26, 1991 process, served on April 29, 1991, is relevant here and General Statutes 52-593a will not permit a relating back to the April 17, 1991 issuance because that service is invalid. The defendant further argues that, because the plaintiffs' appeal was not filed within two months of the Board's February 25, 1991 decision, the appeal is untimely pursuant to Conn. Pub. Acts No. 90-266, 4 (1990) and General Statutes 12-118 and, therefore, it must be dismissed because this court lacks jurisdiction over the subject matter.
The first issue to be resolved is what effect, if any, the plaintiffs' initial April 17, 1991 process has upon the subsequent service. General Statutes 52-593a permits the service of process within fifteen days of its delivery to the office of any sheriff, even if the statutory limitation period has expired, provided that the process is issued to a sheriff within the time constraints of the limitation period. See, e.g., Collins v. Meriden, 41 Conn. Sup. 425, 426, 588 A.2d 549 (1990, Gaffney, J.). The plaintiffs contend that because the initial process was issued to the sheriff on April 17, 1991, and because the revised process was served by that sheriff on April 29, 1991, they fall within the parameters of 52-593a, as only twelve (12) days have expired. Therefore, the plaintiffs argue, process should be deemed to have been served within the requisite time period.
The difficulty implicit in this argument is that the plaintiffs altered the initial process subsequent to issuance and prior to service thereof. Where the "writ was actually signed and issued on the day of its date and on no other day, and . . . [where the plaintiff] had altered the return day after the writ was issued and before service" the invalidity CT Page 8517 of the writ is established, and "[t]he defect could not be cured by amendment." Denison v. Crafts, 74 Conn. 38, 39-40, 49 A. 851 (1901) (emphasis added). See also DeGroff v. Sheketoff, 16 Conn. Sup. 142,143, ___ A.2d ___ (1949, Daly, J.). The decision in Denison is applicable to this matter and, thus, the initial process to which the plaintiffs seek to append their subsequent process is defective and invalid. Consequently, the new process must stand alone, as 52-593a
serves to stay the running of the time limitation only where the proper process to be served is delivered to the sheriff within the time limitation of the statute. In this case, the process to be served was presented to the sheriff on April 26, 1991, and this is the process upon which this court should act.
The next issue to be decided is whether or not the plaintiffs filed their appeal in a timely manner pursuant to Public Act No. 90-266, 4 (1990) and General Statutes 12-118.
The act of service upon the defendant is the time at which the plaintiff is deemed to have filed his appeal. Gregersen v. Wilton,5 C.S.C.R. 119, 120 (December 18, 1989, Cioffi, J.); Valley Cable Vision, Inc. v. Public Utilities Comm'n, 175 Conn. 30, 392 A.2d 485
(1978). In the present case, May 1, 1991 is the date on which the defendant was served. For there to exist subject matter jurisdiction, May 1, 1991, must be within the two month time period allocated by Conn. Pub. Acts No. 90-266 4 (1990). That section states, in pertinent part, that:
 [A]ny person. . .claiming to be aggrieved by the action of the board of tax review in any town or city with respect to the assessment list . . . may, within two months from the time of such action, make application, in the nature of an appeal therefrom, to the superior court. . . .
Id. (General Statutes 12-118 uses essentially the same language.)
A "`statutory right to appeal may be taken advantage of only by strict compliance with the statutory provisions by which it is created.'" Citizens Against Pollution Northwest, Inc. v. Connecticut Siting Council, 217 Conn. 143, 152, 584 A.2d 1183 (1991) (quoting Chestnut Realty Inc. v. Commission on Human Rights Opportunities, 201 Conn. 350,356, 514 A.2d 749 (1986)). See also Gregersen, supra at 19. Furthermore, statutory provisions which limit "the time within which to take an. . .appeal are mandatory and, if not complied with, render an appeal subject to dismissal." Gregersen, supra at 19 (citing Fleischmann v. Planning and Zoning Comm'n of the Town of Wethersfield, 38 Conn. Sup. 590, 456 A.2d 791 (App. Sess. 1982). Thus, if the plaintiffs did not appeal within two months of the Board's action, their appeal must be dismissed.
Consequently, the issue to be resolved is what is meant by the word CT Page 8518 "action" as it appears in 4 of Public Act 90-266. General Statutes 12-111
sets forth the requirements regarding an appeal to a board of tax review. That section provides, in pertinent part that:
 At such meeting [of the Board] any person. . .claiming to be aggrieved by the doings of the assessors of such town may appeal therefrom to such board of tax review, which shall determine all such appeals and report in writing the final determination of such appeals to each such person within one week after such determination has been made.
General Statutes 12-111.
The plaintiffs argue that, because General Statutes 12-111 requires the Board to do two things, specifically, determine the appeal and report in writing the final determination of the appeal to the appellant, "action," as it is used in Public Act No. 90-266, 4 applies to both of these requirements, and that, consequently, the two month period does not commence until the latter of these two requirements, written notification, is completed. However, words and phrases in a statutes are to be "construed according to the commonly approved usage of the language. . . ." General Statutes 1-1(a). Additionally "[t]he [legislature] is always presumed to know all the existing statutes and the effect that its action or non-action will have upon any one of them. And it is always presumed to have intended that effect which its action or non-action produces. . .[Consequently, it is presumed that the legislature] has acted with the intention of creating a consistent body of law." All Brand Importers, Inc. v. Department of Liquor Control,213 Conn. 184, 197, 567 A.2d 1156 (1989) (citations omitted).
In light of the above standards, a review of other statutes demonstrates that when the legislature intended the date of notice to commence the time period within which an appeal must be filed, the words of the statute explicitly convey such an intent. See, e.g., General Statutes 8-8 (b) (stating that "[t]he appeal shall be commenced. . .within fifteen days from the date that notice of the decision was published. . . .") (Emphasis added.) See also General Statutes 12-422 (stating that "[a]ny taxpayer aggrieved because of any order, decision, determination or disallowance. . .may, within one month after service upon the taxpayer of notice of such order, decision, determination or disallowance, take an appeal therefrom to the superior court. . . .") (emphasis added); General Statutes 12-448 and 4-183 (c).
Thus, the legislature has specifically stated in other sections of the General Statutes that the time period within which an appeal must be filed begins running upon notice of the decision or upon publication of such notice. Consequently, because no such language is included inPublic Acts No. 90-266, 4 (1990), the legislature did not intend such a result with regard to this statute. Rather, it appears that the legislature intended the two month clock to begin ticking upon the determination of CT Page 8519 the Board, not upon the written notification of such determination. Indeed, in Gregersen, supra, the Board reached its decision on February 28, 1989. The court held that for the plaintiffs' appeal to be timely they would have to have filed an application, in the nature of an appeal, before the appeal period expired on April 28, 1989. Gregersen, supra.
In the present case, the plaintiffs' appeal must be filed within two months of the Board's determination. Thus, to be timely, the plaintiffs must have filed their appeal with this court no later than April 25, 1991. Consequently, because the plaintiffs' appeal was not filed with this court until May 1, 1991, the day on which service was made on the defendants, this court lacks jurisdiction over the subject matter of this case, and the defendant's motion to dismiss is granted.
Finally, the plaintiffs have required that the court permit them to amend their summons with a proper return date. The current return date is a Monday rather than a Tuesday. However, in light of the preceding determination that this court lacks subject matter jurisdiction, this issue is irrelevant and need not be addressed.
PICKETT, JUDGE