[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS
James Cohen, the plaintiff-applicant, appeals from the action of the defendant Town of Morris, Connecticut ("the Town"), and the town's Board of Tax Review ("the Board"). The plaintiff contests the defendants' tax assessment of the plaintiff's real property known as #4 South Bay Passway. Specifically, the plaintiff has appealed the assessment of a single family dwelling, outbuildings and lot on the municipal grand list of October 1, 1991.
On July 2, 1992, the defendant filed a motion to dismiss this tax appeal for lack of subject matter jurisdiction. Attached to this motion was a supporting memorandum. On July 11, 1992, the plaintiff filed a memorandum in opposition to the motion to dismiss.
The following facts are pertinent to the determination of this motion. On March 11, 1992, the Board refused to revise the valuation of the aforesaid properties, and the plaintiff brought this appeal. The plaintiff's application, citation and recognizance are all signed and dated May 22, 1992. On May 30, 1992, personal service was made on both Ann Carr, the Morris Town Clerk, and Norval Lunan, Chairman of the Board. On June 4, 1992, the sheriff's return, dated May 30, 1992, and the application, citation and recognizance were filed and time stamped in the clerk's office of the Litchfield Superior Court.
The motion to dismiss is provided for in Practice Book Sections 142-146, and is the proper manner by which to CT Page 7793 assert lack of jurisdiction over the subject matter. Practice Book Section 143. "Although every presumption is to be indulged in favor of jurisdiction," LeConche v. Elligers,215 Conn. 701, 710, 579 A.2d 1 (1990), "whenever the court determines that it lacks jurisdiction over the subject matter, the action shall be dismissed." Practice Book Section 145. See also Castro v. Viera, 207 Conn. 420, 429-30,541 A.2d 1216 (1988).
In its memorandum in support of the motion to dismiss, the Town contends that the plaintiff failed to commence the challenged counts of this action by service of process on the Town within two months from the date of the Board's decision in accordance with General Statutes Section12-118. In its opposing memorandum, the plaintiff rebuts this claim, stating that the statutory limitation period is procedural and personal rather than substantive or jurisdictional. The plaintiff also contends that he has commenced his suit within the two month period:
The act of service upon the defendant is the time at which the plaintiff is deemed to have filed his appeal. Gregersen v. Wilton, 5 CSCR 119, 120 (December 18, 1989, Cioffi, J.); Valley Cable Vision, Inc. v. Public Utilities Comm'n, 175 Conn. 30, 392 A.2d 485 (1978); Allen v. Town of Goshen, 6 CSCR 1030, 1031 (December 2, 1991, Pickett, J.) As was noted, supra, personal service was made on May 30, 1992.
A "`statutory right to appeal may be taken advantage of only by strict compliance with the statutory provisions by which it is created.'" Citizens Against Pollution Northwest, Inc. v. Connecticut Siting Council,217 Conn. 143, 152, 584 A.2d 1183 (1991) (quoting Chestnut Realty Inc. v. Commission on Human Rights Opportunities, 201 Conn. 350, 35, 514 A.2d 7849 (1986)). See also Allen, supra. Additionally, "statutory provisions limiting time within which to take an . . . appeal are mandatory and, if not complied with, render an appeal subject to dismissal." Gregersen, supra, 19 (citing Fleischmann v. Planning Zoning Comm'n of the Town of Wethersfield, 38 Conn. Sup. 590,456 A.2d 791 (App. Sess. 1982).
Thus, contrary to the plaintiff's assertions, the failure to file an appeal from the Board within the statutorily prescribed time period does implicate this court's subject matter jurisdiction. Gregersen, supra. See also Allen, supra; Salter School v. New Britain, 7 CSCR 661
(June 8, 1992, Byrne, J.)
General Statutes Section 12-118 states, in CT Page 7794 pertinent part, that:
 [A]ny person . . . claiming to be aggrieved by the findings or determinations of the Connecticut appeals board for property valuation may, within two months from the time of such action, make application, in the nature of an appeal therefrom, to the superior court. . . . (Emphasis added.)
General Statutes Section 12-118.
The dispositive issue, then, is whether the present appeal was commenced within two months of the Board's action. If the plaintiff did not appeal within two months of the Board's action, his appeal must be dismissed. Allen, supra.
The date of the Board's action is the date on which it makes its decision, not the date on which it mails its decision to the applicant or the date on which the applicant receives the decision. See, e.g., Trap Falls Realty Holding Limited Partnership, 5 CTLR 212, 213 (November 21, 1991, Spear, J.) Allen, supra, 1031; Robbins v. Goshen, 5 CTLR 171, 173 (October 24, 1991, Pickett, J.); Hall v. Goshen,6 CSCR 1025, 1026 (October 24, 1991, Pickett, J.) Thus, it is on that date that the two-month clock begins ticking. See, e.g., Allen, supra. Therefore, for this appeal to be timely, the plaintiff would have to have served process, Gregersen, supra, 120, before the appeal period expired two months after March 11, 1992.
Two months, as that term is used in General Statutes Section 12-118, refers to two calendar months. General Statutes Section 1-1(i). See also Krajaniak v. Wilson, 157 Conn. 126, 130, 249 A.2d 249 (1968). In Krajaniak, supra, the court, in construing a "months long" period of time, stated that:
 . . . [I]f the first day of the period is other than the first day of the month, such as July 5 . . . the period of one month would terminate at the end of August 4 rather than at the end of August 5. The same rule applies where the period, as here consists of several months.
Id., 130.
In accordance with the foregoing, the plaintiff must have commenced his appeal by service of process within two months from the Board's action on March 11, 1992. As was noted, supra, process was served on May 30, 1992. CT Page 7795 Consequently, said service was well after the two month period had run and, therefore, the motion to dismiss is granted.
PICKETT, J.