[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This action was commenced by service of process on November 3, 1997. (Sheriff's Return). See Valley Cable Vision. Inc. v.Public Utilities Commission, 175 Conn. 30, 33 (1978). The plaintiff apparently delivered notice to the defendant, on October 31, 1997 that he "has instituted a third party action . . . ." The letter was mailed to the employer on October 27, 1997, seven days prior to the commencement of suit. The employer filed its motion to intervene on December 4, 1997, dated December 3, 1997.
General Statutes § 31-293 requires notice to be given immediately as to the commencement, of the action. No authority is cited to support the effectiveness of a giving of notice prior to the commencement of the action. Nor is there any provision for the giving of a notice of an intention to commence suit in the future.
The most liberal interpretation of the statute, so as to favor the here objecting party, would be that the thirty day period would commence to run the day following the service of the complaint. Were that to be the case the motion to intervene dated December 3, 1997 would be within "thirty days after such notification". Any shortening of the thirty day period in which to intervene in a pending action is certainly not what the legislature intended. Further, the complaint was not returned to court until Nov. 12, 1997, and would not be a pending action until that date. Until then there would be no pending action in which to intervene. A plaintiff could theoretically thwart intervention by giving notice after service but more than 30 days CT Page 1460 prior to the return of process. Connecticut General Statutes §§ 52-46, 52-46a, 52-48. The plaintiff has failed to persuade the court that the employer's motion to intervene should not be granted.
The motion of Clean Harbors, Inc. To intervene is GRANTED.
The objection to the motion to intervene is OVERRULED.
L. Paul Sullivan, J.