[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The petitioner, then acting pro se, filed a petition for a writ of habeas corpus on August 11, 2000. He was thereafter represented by an CT Page 13124 attorney from the Office of the Chief Public Defender from October 26, 2000 until April 16, 2001. On that date the petitioner's motion to dismiss court appointed counsel was granted by the court. He is now proceeding pro se. An evidentiary hearing was held on the petition on August 7, 2001.
The petitioner was convicted of murder, in violation of General Statutes §§ 53a-8 and 53a-54, and sentenced to a term of 25 years on February 3, 1986. In 1992, while serving the sentence for murder, the petitioner was convicted and sentenced to 7 years for escape. The sentence for murder was completed on October 11, 1998, and on October 12, 1998, he commenced serving the sentence for escape. He is presently confined in the custody of the Commissioner of Corrections serving that sentence.
It is the petitioner's primary claim that he became eligible for parole in February 2000, and by way of relief he is asking this court to order the Board of Parole to grant him a parole hearing. The respondent claims that the petitioner is not eligible for parole until April 12, 2002, and is planning to give him a parole eligibility hearing in November, 2001. The merits of the dispute concern the interpretation of General Statutes § 54-125a as it is applied to the facts of this case.
The petition also made a claim relating to conditions of incarceration at the prison in Virginia where he was then confined. He has since been returned to Connecticut. This claim was withdrawn at the evidentiary hearing.
One of the claims made by the respondent is that this court lacks subject matter jurisdiction in this case. The law is clear that once the question of subject matter jurisdiction of a court is raised it must be disposed of by the court before proceeding to the merits of the case.Carten v. Carten, 153 Conn. 603 (1966); Valley Cable Vision, Inc. v.Public Utilities Commission, 175 Conn. 30 (1978).
The central issue to be resolved with respect to whether this court has subject matter jurisdiction is whether or not General Statutes §54-125a gives rise to a protected liberty interest in parole release. This question has been answered clearly by the Appellate Court inVincenzo v. Warden, 26 Conn. App. 132 (1991) which ruled that the parole statue, § 54-125, does not give rise to a liberty interest. WhileVincenzo was concerned with General Statutes § 54-125, there is no distinction between § 54-125 and § 54-125 a with respect to the issue in this case.
In Vincenzo, the court (Norcott, J.) analyzed various state parole statutes, the state court interpretations of these statutes, and CT Page 13125 decisions of the United States Supreme Court concerning whether a particular parole statute gave rise to a protected liberty interest which could be the subject of habeas corpus relief. In determining whether liberty interests do or do not arise in a particular parole statute, the United States Supreme Court has distinguished between those statutes which provide that a parole board "shall" or "must" grant parole if certain conditions are met, and these statutes which provide that a parole board "may" grant parole if certain conditions are met. See Boardof Pardons v. Allen, 482 U.S. 369 (1987). Those statutes which provide that a parole board "may" grant parole to an inmate, such as General Statutes § 54-125a, do not give rise to a protected liberty interest.
The petitioner claims that the respondent is relying on § 54-125a
in its present form, that this is an ex post facto violation of his rights, and that the statute which became effective October 1, 1990 and was in effect in 1992 when he was convicted of escape is the controlling statute. With respect to the issue of subject matter jurisdiction, it is of no consequence whether the statute as it read in 1992 or in its present form, after various amendments, is utilized. At all times since October 1, 1990 the statute provided that a parole board "may" grant parole to an inmate.
"Our statute contains no language providing that an inmate shall be released if the two statutory criteria are met. It vests broad discretion in the judgment of the parole board. The statute does not give an inmate any right to demand or even apply for parole. It does not require that a parole board actually consider any inmate's eligibility for parole, even if he has fulfilled the statute's two requirements. . . . In light of these factors we hold that Section 54-125 also creates no protected constitutional or statutory liberty interest that gives rise to a claim of illegal confinement in a habeas action." Vincenzo v. Warden, supra 141, 142.
The only relief which the petitioner is seeking in his petition is an order of this court directing the parole board to give him a parole eligibility hearing. For the reasons set forth above, this court finds that no liberty interest is implicated by the petition, and, therefore, this court lacks subject matter jurisdiction.
The petition for a writ of habeas corpus is dismissed.
By the Court,
William L. Hadden, Jr. Judge Trial Referee CT Page 13126