[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The matter before the court is a condemnation by the Commissioner of Transportation ("Commissioner") of land on East Putnam Avenue, U.S. Route 1, in Greenwich for the purpose of the layout, alteration, extension. widening, change of grade and improvement of the said highway. The owners of the property taken, and the appellants from the Commissioner's assessment of damages of $77,000, are George and Frances Zupaniotis.
Pursuant to Connecticut General Statutes, Section 13a-73 (b), a notice of condemnation and assessment of damages was filed with the clerk of the Superior Court in the judicial district of Stamford/Norwalk at Stamford on July 30, 1998 purporting to take for the State 2,334 square feet of the appellants' land, as well as a perpetual easement to slope within an area of 278 square feet and a perpetual easement to construct and maintain traffic structures within an area of 98 square feet, more or less. A right of entry to relocate a stone curb and construct a driveway was also taken, the latter easement to terminate automatically upon completion of the work by the State.
The present appeal was brought by the appellants pursuant to § 13a-76
on July 25, 2001, nearly three years after the Commissioner's filing of notice of condemnation. The Commissioner alleged in his third special defense to the appellants' action that the appellants did not perfect their appeal within six months of the condemnation notice as required by C.G.S. § 13a-76, thus implicating the subject matter jurisdiction of the court in this appeal.
"Once the question of lack of jurisdiction is raised, it must be disposed of no matter in what form it is presented." (Internal quotation marks omitted) Castro v. Viera, 207 Conn. 420, 429, 541 A.2d 1216
(1998); "and the court must fully resolve it before proceeding further with the case." (Internal quotation marks omitted) Valley Cable Visionv. Public Utilities Commission, 175 Conn. 30, 32, 392 A.2d 485 (1978). Subject matter jurisdiction cannot be created through consent or waiver. CT Page 12914United States Trust Company v. Bohart, 197 Conn. 34, 39, 495 A.2d 1034
(1985).
The appellants first received information from the Department of Transportation by letter dated October 10, 1996 that the State was proceeding with preliminary plans to acquire a part of the subject property for highway purposes. In that letter, the division chief of the Office of Rights of Way, told the appellants they would "be contacted in the near future by our Appraisal Division concerning scheduling of an appraisal of the property to be purchased by the State. This appraisal will subsequently be reviewed by the State and approved by the Governor's Screening Committee prior to negotiations. This time period would take approximately ninety to hundred and twenty days." Exhibit 1. The appraiser chosen by the State did not contact the appellants until December 15, 1997 more than a year later, advising the appellants that he would appraise the property on December 30, 1997. On March 23, 1998, the State offered $77,000 for the plaintiffs property being taken. A few telephone calls were exchanged between the plaintiffs and representatives of the State, and on April 20, 1998, the Department of Transportation sent the plaintiffs what the State calls a "seven-step letter," describing what would take place during the next four to eight weeks, notably, that the plaintiffs would receive, by mail, a Notice of Condemnation and Assessment of Damages from the Clerk of the Superior Court. According to the letter, this would constitute "official notice that the Commissioner of Transportation has acquired your property." Exhibit 4. The plaintiffs were advised by their attorney to wait for the Notice to be served. The Notice never came. It was in fact filed in Superior Court on July 30, 1998. From April, 1998 the plaintiffs heard nothing about the condemnation until March 13, 2001 when they discovered trees on their property were posted for removal. After telephone conversations with Department of Transportation personnel, a copy of the Notice of Condemnation was faxed to the plaintiffs on March 22, 2001 by the Department. Work on the property was begun in April, 2001. The plaintiffs took this appeal on July 25, 2001.
The Commissioner, in his special defense, takes the position that the appeal is untimely, being more than six months after the filing of the Notice of Condemnation with the court, and thus challenges the subject matter jurisdiction of the court. The plaintiffs claim that their appeal was filed within six months from the time they first received a copy of the Notice of Condemnation, and could not have appealed within six months from the filing of the notice in the Superior Court, an event of which they were never made aware.
Connecticut General Statutes, Section 13a-76 provides that anyone CT Page 12915 aggrieved by the Commissioner's assessment of damages may at any time within six months. after the same has been filed, apply to the Superior Court for reassessment of such damages. The plaintiffs claim that they applied to the court within six months of their actually receiving a copy of the required notice, which date triggered the commencement of the six month period. The Commissioner claims that the plaintiffs were aware of the ongoing plans to widen and alter the highway and to take a part of their land, and that they should be held to the six month statutory limitation on filing an appeal.
The court finds that the appellants never received notice from the superior court of the filing of the assessment by the Department of Transportation. In addition to both appellants' testimony at trial, the chief clerk of the judicial district of Stamford/Norwalk at Stamford, where the notice was filed by the State, testified that neither he nor anyone else in the Clerk's Office ever mailed a copy of the notice to the appellants as required by § 13a-73. Not until March 22, 2001 when the appellants were faxed a copy of the Notice of Condemnation and Reassessment by the Department of Transportation, had the appellants received a copy of the document. Work on the property was begun by the Department in April, 2001.
"The time within which an appeal may be taken does not begin to run until the plaintiff receives notice of the condemnation." Commissioner ofTransportation v. Oil Barons, Inc., Superior Court, judicial district of New Haven at New Haven, Docket No. CV00 0438538 (May 1, 2002, Berdon, J.T.R.) (Where motion to dismiss was denied because the only notice mailed by the superior court was returned unopened). "The fundamental reason for the requirement of notice is to advise all affected parties of their opportunity to be heard and to be apprised of the relief sought." (Internal quotation marks omitted, citations omitted) Commissioner ofTransportation v. Capone, Superior Court, judicial district of New Haven at New Haven, Docket No. CV96 0393289 (September 29, 2000, Silbert, J.) (Motion to dismiss denied where a property owner received no notice of assessment from superior court, an appeal was taken within six months of its receipt of a faxed copy of the notice.) "Paramount among the considerations articulated by the statute and fundamental to both state and federal due process requirements are those portions which ensure that each person that has an interest of record in the land shall receive notice of the taking . ." Id., 11843.
The Commissioner argues that the appellants actually knew of plans for the taking and were aware that a part of their property was to be condemned, yet did nothing to inform themselves of the status of the assessment or to determine whether in fact a notice had been filed in the CT Page 12916 superior court. Aside from the fact that the appellants had little reason to believe that the state would be any more prompt in coming upon the property than it was in appraising it, the court knows of no duty, nor has the state shown any, upon the appellants to discover for themselves the existence of the statutory notice which the court clerk is obligated to give. Furthermore, when they received the Department of Transportation "seven-step letter" advising them that a notice would be forthcoming, the appellants took it to their lawyer who advised them to sit tight until they received such a notice from the court. They had every right to believe, from that letter, that they would receive notice at such, time as the state took their property. Their action in doing nothing until receiving the notice was that of a reasonable landowner in relying on the terms of the April 20, 1998 letter.
The court finds that the appellants did not receive notice in accordance with the requirements of C.G.S. § 13a-73. The six-month time period did not commence running until they received actual notice of the taking on March 22, 2001. Newberry v. Frankel, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. CV92 0512453 (September 9, 1992, Aurigemma, J.) Therefore, the appeal was timely, and the court has subject matter jurisdiction in this case.
So Ordered.
___________________ D'ANDREA, J.T.R. CT Page 12917