[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS AND MOTION FORSUMMARY JUDGMENT
In the summer of 1993, Quiet Hawk, a member of the Golden Hill Paugussett Tribe of Indians and the alleged Council Chief of the Tribe, instituted five legal actions in the Superior Court of the State of Connecticut seeking the return of tribal lands which the plaintiff alleges had been conveyed to European settlers in colonial times without the approval of the legislative body, then known as the General Courte, in violation of various enactments. The plaintiff claims that because the deeds were null and void, the "Indian" title to the land was never extinguished and that the Golden Hill Paugussett Tribe of Indians (hereinafter the Tribe) has a present right to occupy these lands. The five actions filed were the Golden Hill Paugussett Tribe of Indians v.City of Southbury, Docket No. 116468, filed in August 1993; theGolden Hill Paugussett Tribe of Indians v. Town of Seymour,
Docket No. 930044366, filed on September 14, 1993; the GoldenHill Paugussett Tribe of Indians v. Town of Shelton, Docket No. 930044148, filed on August 18, 1993; the Golden Hill PaugussettTribe of Indians v. People's Bank, Docket No. 930307302, filed on August 31, 1993; and the Golden Hill Paugussett Tribe of Indiansv. Trumbull, Docket No. 930306702, filed on August 6, 1993.
Of the five cases, only the case of Golden Hill PaugussettTribe of Indians v. City of Southbury, Superior Court, judicial district of Waterbury, Docket No. 116468 (October 28, 1993, McDonald, J.), affirmed, 231 Conn. 563, 651 A.2d 1246 1995, has been adjudicated. The procedural posture of the remaining four cases has been delayed due to, inter alia, the above referenced CT Page 5481Southbury litigation, litigation filed by the plaintiff in the federal courts and the plaintiff's efforts to obtain federal recognition of the Tribe from the Bureau of Indian Affairs (BIA), which was denied on September 13, 1996.
On February 27, 1997, the intervening defendant, the State of Connecticut (hereinafter the State), filed a motion to dismiss the remaining actions on the ground that Quiet Hawk has no standing because he lacked the authority to file suit on behalf of the Tribe, thus depriving the court of subject matter jurisdiction. The State also filed a motion for summary judgment on the ground of issue preclusion. On April 1, 1997, the plaintiff filed an objection to these motions.
Oral argument was heard on April 15, 1997, at which time all the defendants in the four pending cases adopted the motions and supporting memoranda filed by the State and agreed to consolidate the cases for purposes of these two motions only. (Transcript of Oral Argument, April 15, 1997, p. 5).
"Whenever a lack of jurisdiction appears on the record, the court must consider the question. . . . The court must address itself to that issue and fully resolve it before proceeding further with the case. . . ." Valley Cable Vision, Inc. v. PublicUtilities Commission, 175 Conn. 30, 32, 392 A.2d 485 (1978).
The motion to dismiss admits all facts well pleaded and invokes the existing record that accompanies the motion, including supporting affidavits that contain undisputed facts.Barde v. Board Trustees, 207 Conn. 59, 62, 539 A.2d 1000 (1988).
"It is a basic principle of law that a plaintiff must have standing for the court to have jurisdiction. Standing is the legal right to set judicial machinery in motion. One cannot rightfully invoke the jurisdiction of the court unless he has, in an individual or representative capacity, some real interest in the cause of action, or a legal or equitable right, title or interest in the subject matter of the controversy. . . . Standing is not a technical rule intended to keep aggrieved parties out of court; nor is it a test of substantive rights. Rather it is a practical concept designed to ensure that courts and parties are not vexed by suits brought to vindicate nonjusticiable interests and that judicial decisions which may affect the rights of others are forged in hot controversy, with each view fairly and vigorously represented. . . . These two objectives are ordinarily CT Page 5482 held to have been met when a complainant makes a colorable claim of direct injury he has suffered or is likely to suffer, in an individual or representative capacity. Such a personal stake in the outcome of the controversy . . . provides the requisite assurance of concrete adverseness and diligent advocacy." (Citations omitted, internal quotation marks omitted.) UnisysCorp. v. Department of Labor, 220 Conn. 689, 693, 600 A.2d 1019
(1991).
In support of their motion, the defendants contend that Quiet Hawk, who filed these lawsuits, has not been authorized by the Tribe to do so, even though the lawsuits were brought in the name of the Tribe, thus implicating the court's jurisdiction. The defendants argue that the plaintiff must first demonstrate that it is a proper party to request adjudication which it can show by making a colorable claim of a direct injury. Second, the party whose authority is being challenged must convince the court that it has authority. See Golden Hill Paugussett Tribe of Indians v.City of Southbury, 231 Conn. 563, 571-2, 651 A.2d 1246 (1995).
In opposition, the plaintiff counters that the two-prong test in Golden Hill Paugussett Tribe of Indians v. City of Southbury,
supra, 231 Conn. 563, is not applicable to the present lawsuit because the Tribe supports the filing of these lawsuits. The plaintiff also argues that it did not offer evidence of Quiet Hawk's authority in Golden Hill Paugussett Tribe of Indians v.City of Southbury, supra, Superior Court, Docket No. 116468, because it maintained that the court's inquiry in matters of tribal self-government was improper. The plaintiff, now conceding that the court has the authority to determine its jurisdiction, contends that the court must determine the plaintiff's standing for each lawsuit on a case-by-case basis. The plaintiff also submitted affidavits and declarations signed by various members of the Tribe, confirming Quiet Hawk's authority and authorization to file the four lawsuits at issue.
At oral argument, the plaintiff drew an analogy to a corporate plaintiff, stating that "there are a number of cases that stand for the proposition that even though the board of directors didn't authorize it at the time of institution, the board could subsequently ratify it and as long as it did so before the case was dismissed, then it was authorized." (Tr. p. 48). Counsel maintained that "even if you could apply collateral estoppel to say that Judge MacDonald (sic) some how determined that these cases were not authorized, these pending before Your CT Page 5483 Honor, that they've been ratified." (Tr. p. 49). At oral argument, plaintiff's counsel referred the court to a ratification argument in its submitted briefs, (Tr. p. 49), however, it is noted that no such legal argument was made in the briefs submitted to the court.
In Golden Hill Paugussett Tribe of Indians v. City ofSouthbury, supra, Superior Court, Docket No. 116468, the General Tribal Council of the Golden Hill Paugussett Indian Nation (hereinafter Council), an intervening defendant, filed a motion to dismiss challenging, inter alia, Quiet Hawk's authority to assert a claim on behalf of the Tribe. The trial court, McDonald, J., conducted an extensive evidentiary hearing over the course of several days regarding the governance of the Tribe because this issue of standing implicated the court's jurisdiction. Neither Quiet Hawk nor his father, the traditional chief, Big Eagle, appeared or testified at the hearing.
In the present case, the plaintiff submitted copies of numerous documents signed by Big Eagle and Quiet Hawk claiming leadership of the Tribe and Quiet Hawk's authorization to file the disputed land claims as well as affidavits and proxies executed by tribal members that Big Eagle is the Traditional Chief of the Tribe and that Quiet Hawk is the Council Chief of the Tribe. These documents also state that the General Tribal Council has no connection with the Tribe. One document, entitled "Resolution of Support for Golden Hill Paugussett Tribes Land Claims Litigation" (hereinafter "Resolution"), states that "the undersigned Tribal members do hereby ratify all lawsuits brought to date and all lawsuits that are to be brought in the future on their behalf and on behalf of the Tribe by Chief Big Eagle, Traditional Chief, and Chief Quiet Hawk, Council Chief. . . ." The Resolution is signed by individual Tribal members and executed at various dates in 1993 and 1994. Some signatures are neither witnessed nor dated. Neither the Resolution, nor any of the other documents submitted by the plaintiff, are executed by the Tribal Council.
"Accordingly, as a general rule, if the corporation, through the officer or body having authority to act, acquires or is charged with knowledge of the unauthorized act, the act not being prohibited by charter or by statute nor contrary to public policy, and does not repudiate it within a reasonable time, but without objection acquiesces therein, it is bound by the unauthorized act. These holdings are sometimes put upon the CT Page 5484 ground that ratification of the unauthorized act is presumed from failure to disaffirm. This is simply another way of saying that the authority of the act cannot be challenged because of the injustice which would arise if the strict letter of the law as to the necessity for authority of the act were followed. . . . In order to ratify the unauthorized act of an agent and make it effectual and obligatory upon the principal, the general rule is that the ratification must be made by the principal with a full and complete knowledge of all the material facts connected with the transaction to which it relates; and this rule applies, of course, to ratification by a corporation of an unauthorized contract or other act by its officers or agents, whether the ratification is by the stockholders or by the directors, or by a subordinate officer having authority to ratify. . . ." Cohen v.Holloways', Inc., 158 Conn. 395, 408, 260 A.2d 573 (1969).
In Golden Hill Paugussett Tribe of Indians v. City ofSouthbury, supra, 231 Conn. 578, the court stated "the inherent sovereignty of Indian tribes bars courts from intervening in many matters of tribal self-government. The principle of tribal sovereignty, however, does not bar courts from acting to protect tribal sovereignty. . . ."
Applying the principles of ratification and the court's authority to protect tribal sovereignty to the present case, authorization by ratification cannot be found for the filing of these land claims. In Golden Hill Paugussett Tribe of Indians v.City of Southbury, supra, Superior Court, Docket No. 116468, the trial court, McDonald, J., found that the Golden Hill Paugussett Tribe of Indians was governed by the Tribal Council, not Quiet Hawk. Here, the Tribal Council, did not perform any acts subsequent to the commencement of the instant land claims that indicate ratification of Quiet Hawk's actions. Thus, the plaintiff lacks standing to assert the four lands claims at issue on behalf of the Tribe.
Accordingly, the court grants the defendants' motion to dismiss.
While the motion to dismiss is dispositive of this matter, nevertheless the court will, in the interest of judicial economy, consider the motion for summary judgment.
A "motion for summary judgment is designed to eliminate the delay and expense of litigating an issue when there is no real CT Page 5485 issue to be tried." Wilson v. New Haven, 213 Conn. 277, 279,567 A.2d 829 (1989). "The burden of establishing the absence of a genuine issue of material fact and the entitlement to recovery as a matter of law lies with the moving party." Zapata v. Burns,207 Conn. 496, 502, 542 A.2d 700 (1988). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The test is whether a party would be entitled to a directed verdict on the same facts." (Citations omitted; internal quotation marks omitted.) Haesche v. Kissner, 229 Conn. 213, 217, 640 A.2d 89
(1994). "Because res judicata or collateral estoppel, if raised, may be dispositive of a claim, summary judgment [is] the appropriate method for resolving [such] a claim. . . ." Jacksonv. R.G. Whipple, Inc., 225 Conn. 705, 712, 627 A.2d 374 (1993).
In its memoranda of law, the defendants argue that the plaintiff is precluded from litigating who is in control of the Tribe based on the doctrine of collateral estoppel because the court in Golden Hill Paugussett Tribe of Indians v. City ofSouthbury, supra, Superior Court, Docket No. 116468, determined that the General Tribal Council of Golden Hill, not Quiet Hawk, governs the Tribe and that Quiet Hawk did not have the authority to file the lawsuit at the time of its commencement on behalf of the Tribe. The defendants claim that on appeal, the Connecticut Supreme Court affirmed both the trial court's jurisdiction to inquire into the plaintiff's authority to bring a lawsuit in the name of an Indian tribe and the trial court's finding that the lawsuit had not been authorized by the tribe. Golden HillPaugussett Tribe of Indians v. City of Southbury, 231 Conn. 563,564-65, 651 A.2d 1246 (1995).
In opposition, the plaintiff counters that the holding that Quiet Hawk was not authorized to file the lawsuit in Golden HillPaugussett Tribe of Indians v. City of Southbury, supra,231 Conn. 563, was a narrow one and can only be applied to that particular lawsuit. The plaintiff further contends that the doctrine of collateral estoppel does not apply because the issue of Quiet Hawk's authority to file the present lawsuits was not fully and fairly litigated in Golden Hill Paugussett Tribe ofIndians v. City of Southbury, supra, Superior Court, Docket No. 116468.
"Collateral estoppel, or issue preclusion, prohibits the relitigation of an issue when that issue was actually litigated and necessarily determined in a prior action. . . . For an issue CT Page 5486 to be subject to collateral estoppel, it must have been fully and fairly litigated in the first action. It also must have been actually decided and the decision must have been necessary to the judgment." (Citations omitted; internal quotation marks omitted.)Aetna Casualty Surety Co. v. Jones, 220 Conn. 285, 296,596 A.2d 414 (1991).
After a full adversary proceeding in Golden Hill PaugussettTribe of Indians v. City of Southbury, supra, Superior Court, Docket No. 116468, the trial court, McDonald, J., determined that "no tribe exists which followed Quiet Hawk at the time suit was filed [in August 1993] and may be designated as the plaintiff Golden Hill Paugussett Tribe of Indians in this lawsuit. The designated plaintiff in this lawsuit is therefore not a tribe or representing a tribe, and lacks the standing to bring this suit." The court also found that Tribal Council, and not Quiet Hawk, has control over the Golden Hill Paugussett Tribe of Indians. These determinations as to leadership were necessary to the trial court's judgment to grant the Council's motion to dismiss the complaint because Quiet Hawk, who filed the lawsuit, lacked tribal authority to assert the claim on behalf of the Tribe. Thus, the issues of standing and leadership were actually litigated and necessarily determined by the trial court, McDonald, J. Accordingly, this court finds that the doctrine of issue preclusion acts as a bar to relitigate the issue of Tribal leadership and authority because the complaints in the present four lawsuits were filed by Quiet Hawk at approximately the same time Quiet Hawk filed the unauthorized complaint in Golden HillPaugussett Tribe of Indians v. City of Southbury, supra, Superior Court, Docket No. 116468. Therefore, the court grants the defendants' motion for summary judgement.
THE COURT
CURRAN, JUDGE TRIAL REFEREE