JAMES E. DENISON vs. ALBERT B. CRAFTS.

Second Judicial District, Norwich, May Term, 1901.
ANDREWS, C. J., TORRANCE, BALDWIN, HAMERSLEY and HALL, Js.

A plaintiff cannot lawfully change the return day in his writ after its issue and before service, unless the writ is reissued at the time of the alteration; and in case of such unlawful change the writ is abatable.

By pleading in confession and avoidance a party waives his right to demur.

When the withdrawal of a plea and the filing of a demurrer would be unavailing, the trial court may well refuse to permit the substitution.

Argued May 28th—decided July 23d, 1901.

ACTION to recover damages for prosecuting a false and malicious suit against the plaintiff, brought to the Superior Court in New London County, where the defendant filed a plea in abatement, the plaintiff replied to said plea, and the defendant demurred to the reply; the court, *Shumway, J.,* sustained the demurrer and afterwards rendered judgment (*George W. Wheeler, J.*) for the defendant upon the plea in abatement, and the plaintiff appealed for alleged errors in the rulings of the court. *No error.*

The case is sufficiently stated in the opinion.

*James E. Denison,* for the appellant, (plaintiff).

*Solomon Lucas,* with whom was *Hadlai A. Hull,* for the appellee (defendant).

HAMERSLEY, J. This action was commenced by writ of attachment, and the body of the defendant was attached. A plea in abatement was filed alleging that the writ was dated and issued on February 13th, 1900, and made returnable to court on the first Tuesday of May, 1900. This return day was not the next, nor the next but one, to which the process could be made returnable in accordance with statute.

General Statutes, § 794. The writ was therefore abatable. The plea as drawn was, however, open to demurrer. The plaintiff waived his right to demur by pleading in confession and avoidance, alleging, in substance, that the writ when issued was made returnable on the first Tuesday of March, 1900, and that he, the plaintiff, after the writ was issued and before service, to wit, on March 23d, 1900, altered the writ by changing the return day from the first Tuesday of March, 1900, to the first Tuesday of May, 1900. Had the writ been reissued at the time of the alteration it would not be abatable. The defendant demurred to this replication, on the ground that the plaintiff had no power to alter the process as set forth, and that the process at the time of service was void. The court sustained the demurrer, and in doing this did not err.

It appears that after the demurrer to the replication had been filed, and before final judgment, the plaintiff filed sundry motions to strike out parts of the defendant's demurrer; for leave to file a demurrer to the plea in abatement after the time within which it should be filed had expired; for leave to amend his replication, and to amend his writ after the demurrer to the replication had been sustained. All these motions were denied by the court, and judgment was rendered that the defendant recover his costs.

The appeal assigns many errors in the denial of these motions, but as to these it is sufficient to say that we find no error.

It is claimed that the plaintiff was ignorant of our forms of procedure, and compelled to conduct his own case under circumstances that might well invite all permissible indulgence of the court. Doubtless in view of this claim the court might have exercised its discretion in permitting him to withdraw his replication and to demur to the plea in abatement, had not the plaintiff placed upon record, as admitted facts, that the writ was actually signed and issued on the day of its date and on no other day, and that he had altered the return day after the writ was issued and before service. These facts established the invalidity of the writ. The

defect could not be cured by amendment. *Starr* v. *Lyon*, 5 Conn. 538, 540; *Hoxie* v. *Payne*, 41 id. 539, 540. Permitting him to demur would only have prolonged the proceedings: the final judgment would have been the same.

There is no error in the judgment of the Superior Court.

In this opinion the other judges concurred.