LILLIAN M. DEGROFF ET AL. v. MAURICE S. SHEKETOFF ET AL.

SUPERIOR COURT      HARTFORD COUNTY      FILE NO. 83918

Memorandum filed March 16, 1949

*Edward H. Smith*, of Hartford, for the Plaintiffs.

*Gross, Hyde & Williams, Gilman & Marks, Sudarsky & Sudarsky*, all of Hartford, and *William A Jacobs*, of Meriden, for the Defendants.

DALY, J. The defendants' plea in abatement is based upon the fact that, after service of the writ, summons and complaint was made upon one or more of the named garnishees, a change was made in the original and other copies by inserting the names of Charles M. Balletti and Beatrice M. Balletti as garnishees. The defendants claim that this constituted an alteration of the process and therefore makes it abatable. The plaintiff contends that what was done was not an alteration of the process itself but only a change in the clause directing garnishee attachments.

Section 7811 of the 1949 Revision of the General Statutes provides that mesne process in civil actions shall be a writ of summons or attachment, describing the parties, the court to which it is returnable and the time and place of appearance, and shall be accompanied by the plaintiff's complaint. If such writ is returnable before any court (except a justice of the peace) it shall be signed by a commissioner of the superior court or a judge or clerk of the court to which it is returnable.

Section 8074 provides that the plaintiff may insert in his writ a direction to the officer to leave a true and attested copy thereof and of the accompanying complaint with or at the usual place of abode of the named garnishee.

Is the garnishee clause a part of the writ after it has been inserted in it? "Insert" is defined in Webster's New International Dictionary (2d Ed.) as follows: "to set so as to be within; to put or thrust in; to introduce; . . . to insert a word or passage in a composition." It is most difficult to think that any words can be inserted in a writ and not become part of the writ. A writ meets all of the requirements of the statute if it has no garnishee clause or provision in it. However, if one is put in it then such a clause becomes part of the writ. Consequently, any change in the garnishee clause is an alteration in the writ.

Section 7774 provides that process in a civil action shall be served by leaving a true and attested copy of it with the defendant, or at his usual place of abode, in this state. If a writ is altered after it is issued it is abatable. *Denison* v. *Crafts*, 74 Conn. 38, 39.

The plea in abatement is sustained and judgment may enter accordingly.