STATE OF CONNECTICUT *v.* STEVEN EDELMAN
(AC 20145)

Lavery, C. J., and Foti and Hennessy, Js.

Submitted on briefs April 26—officially released July 24, 2001

*Arthur P. Meisler* filed a brief for the appellant (defendant).

*Denise B. Smoker* and *Lonnie Braxton*, assistant state's attorneys, and *Keith Currier*, deputy assistant state's attorney, filed a brief for the appellce (state).

*Opinion*

HENNESSY, J. The defendant, Steven Edelman, appeals from the judgment of conviction, rendered following a jury trial, of violating the state building code,

General Statutes § 29-263.[1] The defendant claims that the trial court improperly (1) denied his request to poll the jurors individually after they returned their verdict, (2) concluded that § 29-263 was not unconstitutionally vague as applied to the defendant under the facts of this case and (3) failed to charge the jury on the statutory definition of "alteration" in the context of the "ordinary repair" exception to the building permit requirement in the building code. We reverse the judgment of the trial court and remand the case for a new trial.

The jury reasonably could have found the following facts. While driving by the defendant's house, Donald Schultz, a building official for the town of Windham, noticed that part of the defendant's roof was being replaced. After confirming that the defendant did not have a building permit, Schultz issued a stop work order and prepared a warrant for the defendant's arrest. The defendant was arrested, tried and found guilty of performing reroofing work without a permit. He was sentenced to ninety days incarceration and fined $500. This appeal followed.

I

The defendant claims that the court improperly denied his request that the jurors be polled individually as to the verdict. We agree.

The following facts are pertinent to a resolution of this claim. Immediately after the jury announced its verdict, defense counsel requested of the court that the jurors be polled individually. The clerk proceeded to poll the jurors collectively, all of whom indicated their agreement with the verdict. The court then excused and

---

[1] General Statutes § 29-263 (a) provides in relevant part: "Except as provided in subsection (h) of section 29-252a and the State Building Code adopted pursuant to subsection (a) of section 29-252, after October 1, 1970, no building or structure shall be constructed or altered until an application has been filed with the building official and a permit issued. . . ."

discharged the jurors, but requested that they remain in the jury room so that it could speak with them.[2] After the jury left the courtroom, defense counsel reminded the court that he was asking that the jurors be polled individually. The court denied defense counsel's request, noting that the jurors all affirmatively indicated that they had agreed with the verdict.

Practice Book § 42-31[3] requires that the court poll the jurors individually at the request of any party after the jurors have returned a verdict and before they have been discharged.[4] In *State* v. *Pare*, 253 Conn. 611, 625, 755 A.2d 180 (2000), our Supreme Court stated: "On the basis of the language, purpose and history of § 42-31, we conclude that . . . a trial court is required to conduct an individual poll of the jury pursuant to a timely request by either party. The failure to do so constitutes a violation of § 42-31." It is clear from the facts of this case that the defendant made a timely request to poll the jurors individually, and the court violated Practice Book § 42-31 by denying that request.[5] The effect of this violation is set forth in *State* v. *Pare*, supra, 638–39, in which the court stated that "a defendant's right to poll the jury, if not waived, is absolute,

[2] In *State* v. *Pare*, 253 Conn. 611, 634, 755 A.2d 180 (2000), our Supreme Court held that "a jury is not discharged for the purposes of [Practice Book] § 42-31 until its members actually separate or disperse." In the present case, the jury remained together in the jury room until after the court denied the motion to have the jury polled individually.

[3] Practice Book § 42-31 provides: "After a verdict has been returned and before the jury have been discharged, the jury shall be polled at the request of any party or upon the judicial authority's own motion. The poll shall be conducted by the clerk of the court by asking each juror individually whether the verdict announced is such juror's verdict. If upon the poll there is not unanimous concurrence, the jury may be directed to retire for further deliberations or they may be discharged."

[4] Practice Book § 42-31 applies only in criminal trials.

[5] In its appellate brief, the state concedes that the defendant's conviction must be reversed due to the trial court's improper refusal of the defendant's timely request to poll the jurors individually.

and its denial requires reversal even though the remainder of the trial may be error-free." (Internal quotation marks omitted.) We conclude that the court's denial of the defendant's timely request to poll the jurors individually requires automatic reversal of the judgment.

## II

Although this matter is to be returned to the trial court for a new trial because of our holding on the first issue, we will address the other issues raised by the defendant because of the probability that they will again arise during the retrial. The defendant also argues that § 29-263 is unconstitutionally vague as applied to him in this case. Specifically, the defendant argues that the state building code exempts ordinary repairs from the requirement that a building permit be obtained, the code specifies what activities are not considered ordinary repairs and the code does not mention roof repairs as a category of work excluded from the definition of ordinary repairs. He argues further that there is no official interpretation of the state building code indexed or published under the statutory provision that indicates that a building permit is required for a roof repair. In the absence of an official statement that a permit was required for a roof repair, the defendant argues that he was not fully warned as to what conduct was required or forbidden.

"[T]o surmount a vagueness challenge, a statute must afford a person of ordinary intelligence a reasonable opportunity to know what is permitted or prohibited." (Internal quotation marks omitted.) *State* v. *Erzen*, 29 Conn. App. 591, 593, 617 A.2d 177 (1992); see also *State* v. *Pickering*, 180 Conn. 54, 60, 428 A.2d 322 (1980); *State* v. *Jones*, 29 Conn. App. 683, 687, 617 A.2d 918 (1992). Although the constitutional requirement of definiteness applies more strictly to penal laws than to statutes that exact civil penalties, "[a] penal statute may survive a vagueness attack solely on a consideration of

whether it provides fair warning." *State* v. *Erzen*, supra, 594, citing *State* v. *Pickering*, supra, 61. Even if the language of a statute fails to provide definite notice of prohibited conduct, fair warning can be provided by an examination of " 'whether a person of ordinary intelligence would reasonably know what acts are permitted or prohibited by the use of his common sense and ordinary understanding.' *State* v. *Erzen*, supra, 594." *State* v. *George*, 37 Conn. App. 388, 391, 656 A.2d 232 (1995).

The defendant wrote to the state building inspector inquiring whether a permit was required for replacing part of his roof. The state building inspector issued a written response to the defendant's inquiry that stated that a permit was required for all roof replacement work. Despite the actual notice provided by the state building inspector, the defendant proceeded with his roof repair without first obtaining a permit. The actual notice to the defendant by the state building inspector that his conduct was prohibited by law constituted fair warning and defeats the defendant's claim that § 29-263 is unconstitutionally vague as applied to him.

### III

The defendant further claims that the court improperly denied his request for an instruction to the jury related to the state building code definition of "alteration."[6] Specifically, the defendant requested that the court charge the jury with the state building code definition of the word "alteration." The defendant argued that if the jury found that his reshingling of a portion of the roof of his building was not an alteration, but an ordinary repair, then no building permit would be necessary.

The court instructed the jury as follows. "The second count of this information charges [the defendant] with

[6] The building code defines "alteration" as "a change or rearrangement in the structural parts."

a violation of the building code. Section 29-263 . . . of the state statutes provides as follows: No building or structure shall be constructed or altered until an application has been filed with the building official and a permit issued. No permit shall be issued except upon application of the owner of the premises affected, or his authorized agents.

"For you to find the defendant guilty of [violating] this statute, the state must prove the following [two] elements beyond a reasonable doubt . . . [t]he roofing work that was performed by the defendant required a building permit in accordance with the state building code [and] two, that prior to performing the work, a building permit was not issued to [the defendant]."

"It is not error for a court to refuse to define words which are used and might be understood in their ordinary meanings. . . . The issue is whether the jury could have been misled by the court's instructions." (Citation omitted; internal quotation marks omitted.) *State* v. *Lewtan*, 5 Conn. App. 79, 85, 497 A.2d 60 (1985). The building code definition of "alteration"—a change or rearrangement in the structural parts—and the dictionary definition of "alteration"—change, modification—are not so different as to confuse or mislead the jury. A jury could consider the replacement of a roof to be an alteration of the structure. Under the circumstances present in this case, because the definitions are similar we would not reverse on this ground, but it would be appropriate on retrial to give the requested instruction.

The judgment is reversed and the case is remanded for a new trial.

In this opinion the other judges concurred.