IAN WATKINS *v.* JENNIFER THOMAS
(AC 29235)

Beach, Robinson and Pellegrino, Js.

Argued September 21—officially released December 15, 2009

*Jennifer Deane*, pro se, the appellant (defendant).

*Michael A. Blanchard*, with whom, on the brief, was *Eric W. Callahan*, for the appellee (plaintiff).

*Opinion*

PER CURIAM. The defendant mother, Jennifer Thomas, now known as Jennifer Deane, appeals from the judgment of the trial court rendered in favor of the plaintiff father, Ian Watkins, granting him sole custody of the parties' minor child. The majority of the defendant's claims focus on whether the court abused its discretion during proceedings and in its decision to

award the plaintiff sole custody.[1] We conclude that it did not and, accordingly, affirm the judgment of the trial court.

The following facts and procedural history are necessary for the resolution of the defendant's appeal. On August 12, 2005,[2] the plaintiff brought a child custody action in the judicial district of New London against the defendant, seeking visitation with and joint legal custody of the parties' minor child, primary residence to be with the defendant.[3] On September 12, 2005, the court, in the presence of all parties, awarded custody

[1] The defendant presents two other claims that can be disposed of easily. First, the defendant claims that the court did not follow Practice Book § 25-30 in ordering counsel fees without a sworn statement by the opposing party, though § 25-30 (a) allows the court to do so. Second, she claims that the guardian ad litem exceeded the scope of his duty by overseeing the psychological examination given by Susan T. Berry, a psychologist appointed by the court to perform a psychological-custody-access evaluation of the plaintiff, the defendant and the parties' minor child. The defendant cites Practice Book § 13-11 for the proposition that only the party moving for a psychological examination and the party submitting to one may be involved in the process. We do not find that this provision supports the defendant's proposition.

[2] The original complaint was served on the defendant on July 13, 2005, but was returned to the court with instructions that the wrong forms had been used and that the forms provided on the judicial branch's Internet site were to be used instead. This date is noteworthy because shortly thereafter, on July 25, 2005, the defendant submitted an allegation of sexual abuse by the plaintiff against the parties' minor child to the department of children and families (department).

John Little, an employee of the department, testified that the department investigated the allegation of sexual abuse as required by protocols, that a physical examination was conducted on the parties' minor child and that the physician who conducted it confirmed that the results were benign. Further, Timothy P. Lenes, the guardian ad litem, testified that he talked to the department worker who was working on the case to confirm that the allegations were unsubstantiated and that it was Lenes' theory that the defendant was employing whatever means necessary to prevent the plaintiff from being in the child's life. Additionally, the plaintiff answered questions and underwent a forensic psychosocial evaluation at the New London police department, which yielded no indication that he sexually abused the child.

[3] The parties' minor child was born on October 28, 2001, to the couple, who have never been married, nor cohabitated.

of the parties' minor child to the defendant with supervised visitation to the plaintiff. The court also appointed Timothy P. Lenes, an attorney, as guardian ad litem. The matter was referred to family relations for an evaluation. Maret DiGangi, a family relations counselor, interviewed all of the relevant parties and submitted a recommendation that the defendant should have sole custody of the parties' minor child.

On February 21, 2006, the court ordered that the plaintiff and the defendant both undergo psychological evaluations. The court appointed Susan T. Berry, a psychologist, to perform a psychological-custody-access evaluation of the plaintiff, the defendant and the parties' minor child.[4] The evaluation was submitted as an exhibit at trial by the plaintiff. The evaluation recommended joint legal custody between the plaintiff and the defendant with no primary residence, and that the defendant remain in Connecticut while the plaintiff and the parties' minor child began their reunification process.

On March 6, 2007, the plaintiff amended his complaint, seeking sole physical custody of the parties' minor child. On May 3, 2007, in the presence of all parties, the court ordered the attorneys to schedule a trial date. On May 18, 2007, the defendant filed a motion for immediate and emergency modification of the orders of the court, requesting, inter alia, that she be allowed to relocate with the parties' minor child anywhere the United States Army sends her husband, a private first class, and that the visitation schedule

---

[4] The defendant also claims that the court abused its discretion in appointing Berry; however, the defendant was not present at trial to raise the issue, and "[w]e will not decide an appeal on an issue that was not raised before the trial court." (Internal quotation marks omitted.) *Histen* v. *Histen*, 98 Conn. App. 729, 737, 911 A.2d 348 (2006). Moreover, "[w]henever the judicial authority deems it necessary, on its own motion it may appoint any expert witnesses of its own selection. . . ." Practice Book § 42-39.

between the parties be adjusted accordingly. The motion was denied.

On July 26, 2007, the court rendered judgment without trial, awarding sole custody of the parties' minor child to the plaintiff and specifying that any visitation of the child by the defendant must be supervised by the Children's Rights Council or a similar establishment. The defendant was not present at the trial.[5] The judgment was sent to the defendant on August 30, 2007. On September 19, 2007, the defendant, pro se,[6] filed this appeal.

The defendant claims that the court abused its discretion by (1) making findings and recommendations that are contrary to those of the family relations personnel submitted by DiGangi and the psychological evaluations submitted by Berry, (2) ignoring sexual abuse allegations submitted by the defendant, (3) being extremely lenient toward the plaintiff in regard to his completion of a court-ordered parenting education program, (4) ruling on motions that the defendant contends she marked off and (5) failing to rule on motions filed by the defendant.[7] The defendant, however, cites no legal authority to support her claims. We, therefore, decline to address them. "[W]e are not required to review claims that are inadequately briefed. . . . We consistently have held that [a]nalysis, rather than mere abstract assertion, is required in order to avoid abandoning an issue by failure to brief the issue properly. . . . Where

---

[5] On September 5, 2007, the defendant filed an appearance with the trial court to advise of her relocation to Virginia and to provide her updated address to the court.

[6] The defendant was also self-represented at trial. The plaintiff was represented by counsel at trial and is represented by counsel in this appeal.

[7] The defendant also claims that she was not provided with a trial date but does not provide any supporting authority as to why this is improper, nor does she provide analysis of how she was prejudiced by this. Similarly, she alleges that there were inaccuracies in the judgment file but does not give any explanation of how they prejudice her.

the parties cite no law and provide no analysis of their claims, we do not review such claims. . . . Moreover, [a]lthough we are solicitous of the rights of pro se litigants . . . [s]uch a litigant is bound by the same rules . . . and procedure as those qualified to practice law." (Citation omitted; internal quotation marks omitted.) *Anderson* v. *Commissioner of Correction,* 114 Conn. App. 778, 796–97, 971 A.2d 766, cert. denied, 293 Conn. 915, 979 A.2d 488 (2009).

The judgment is affirmed.