******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

SYLVESTER TRAYLOR *v.* TERRY GERRATANA ET AL.
(AC 35242)

Gruendel, Lavine and Sheldon, Js.

*Argued December 5, 2013—officially released March 11, 2014*

(Appeal from Superior Court, judicial district of Hartford, Robaina, J. [motion to cite additional party]; Schuman, J. [judgment].)

*Sylvester Traylor*, self-represented, the appellant (plaintiff).

*Jane R. Rosenberg*, assistant attorney general, with whom, on the brief, was *George Jepsen*, attorney general, for the appellees (defendant Terry Gerratana et al.).

*Cristin E. Sheehan*, with whom, on the brief, was *Gina Hall*, for the appellee (defendant Connecticut Medical Insurance Company).

*Opinion*

PER CURIAM. In this case, the plaintiff, Sylvester Traylor, commenced the present action against eighteen defendants, on divers legal theories, to obtain money damages, injunctive relief and a declaratory judgment that General Statutes § 52-190a[1] is unconstitutional insofar as it requires indigent plaintiffs seeking to bring medical malpractice actions against their health care providers to obtain opinion letters supporting their claims from similar health care providers before commencing suit. The defendants are seventeen state defendants, including twelve state legislators,[2] one Superior Court judge, one appellate clerk,[3] the New London Superior Court,[4] the "Connecticut Court of Appeals,"[5] and the State of Connecticut (state defendants), and one private defendant, the Connecticut Medical Insurance Company (insurance company).

In proceedings before the trial court, the state defendants and the insurance company filed and prosecuted separate motions to dismiss all of the plaintiff's claims against them. The trial court granted both motions to dismiss in their entirety and rendered judgment dismissing the action. This appeal followed. The plaintiff claims that the trial court erroneously dismissed all of the plaintiff's claims, except those against this court and the New London Superior Court, which the plaintiff has not pursued on appeal.[6] For the following reasons, we conclude that each of the trial court's challenged rulings were proper and that the judgment must be affirmed.

I

CLAIMS AGAINST LEGISLATIVE DEFENDANTS AND THE STATE

The plaintiff seeks money damages, injunctive relief and a declaratory judgment that § 52-190a is unconstitutional, arguing that the legislative defendants acted unethically, in violation of state and federal law, when voting on proposed amendments to § 52-190a. Specifically, the plaintiff claims that the legislative defendants attempted to "derail," for their own personal gain and enrichment, House Bill No. 6487, 2011 Sess., a proposed amendment to § 52-190a that would have expanded the types of health care providers who could provide the opinion letter required under that statute, eliminated the requirement that the letter provide a detailed basis for the formation of the opinion, and permitted the dismissal of a medical malpractice complaint only if the plaintiff failed to file the opinion letter with the complaint and also failed to correct that defect within sixty days when ordered by the court to do so. The plaintiff does not allege precisely how the legislative defendants attempted to "derail" the bill, however, he claims that when several of the legislative defendants either objected to or raised questions about the bill, they were "promoting an unconstitutional law" in viola-

tion of the conflicts of interest rule under General Statutes § 1-85 because each of the legislative defendants has a relative or business that benefits from § 52-190a.

In response, the legislative defendants argue that: (1) sovereign immunity and absolute legislative immunity bar the plaintiff's state law claims against them in their official capacities; and (2) qualified immunity and lack of personal jurisdiction bar the plaintiff's federal law claims against them in their individual capacities. For the following reasons, we agree with the legislative defendants.

A

The Plaintiff's State Law Claims

We turn first to the plaintiff's claims against the legislative defendants in their official capacities for alleged violations of state law. The legislative defendants argue that sovereign immunity and absolute legislative immunity bar the plaintiff's claims against them. We agree.

"Sovereign immunity relates to a court's subject matter jurisdiction over a case, and therefore presents a question of law over which we exercise de novo review." (Internal quotation marks omitted.) *DaimlerChrysler Corp.* v. *Law*, 284 Conn. 701, 711, 937 A.2d 675 (2007). "The principle that the state cannot be sued without its consent, or sovereign immunity, is well established under our case law. . . . [T]he practical and logical basis of the doctrine [of sovereign immunity] is today recognized to rest . . . on the hazard that the subjection of the state and federal governments to private litigation might constitute a serious interference with the performance of their functions and with their control over their respective instrumentalities, funds, and property. . . . Not only have we recognized the state's immunity as an entity, but [w]e have also recognized that because the state can act only through its officers and agents, a suit against a state officer concerning a matter in which the officer represents the state is, in effect, against the state. . . . Exceptions to this doctrine are few and narrowly construed under our jurisprudence." (Citations omitted; internal quotation marks omitted.) *Markley* v. *Dept. of Public Utility Control*, 301 Conn. 56, 65, 23 A.3d 668 (2011).

Our Supreme Court has recognized three exceptions to sovereign immunity: "(1) when the legislature, either expressly or by force of a necessary implication, statutorily waives the state's sovereign immunity . . . (2) when an action seeks declaratory or injunctive relief on the basis of a substantial claim that the state or one of its officers has violated the plaintiff's constitutional rights . . . and (3) when an action seeks declaratory or injunctive relief on the basis of a substantial allegation of wrongful conduct to promote an illegal purpose in excess of the officer's statutory authority." (Citations omitted; internal quotation marks omitted.) *Columbia*

*Air Services, Inc.* v. *Dept. of Transportation*, 293 Conn. 342, 349, 977 A.2d 636 (2009).

The plaintiff's claims for declaratory and injunctive relief against the legislative defendants, and against the state, are barred by sovereign immunity because they do not satisfy any of these exceptions. The only exceptions to sovereign immunity that would apply to claims alleging constitutional violations and conduct in excess of statutory authority are the second and third, which require that the plaintiff's claim be " 'substantial.' " Id. "For a claim made pursuant to the second exception, complaining of unconstitutional acts, we require that [t]he allegations of such a complaint and the factual underpinnings if placed in issue, must clearly demonstrate an incursion upon constitutionally protected interests. . . . For a claim under the third exception, the plaintiffs must do more than allege that the defendants' conduct was in excess of their statutory authority; they also must allege or otherwise establish facts that reasonably support those allegations. . . . In the absence of a proper factual basis in the complaint to support the applicability of these exceptions, the granting of a motion to dismiss . . . is proper." (Citations omitted; internal quotation marks omitted.) Id., 350.

The plaintiff's amended complaint makes only conclusory allegations that § 52-190a violated his constitutional rights to equal access to court, separation of powers, equal protection, due process, and to trial by jury. None of the claims raised by the plaintiff allege a "substantial" claim that "clearly demonstrate[s] an incursion upon [his] constitutionally protected interests." (Internal quotation marks omitted.) Id., 354.

The legislative defendants argue, and we agree, that the plaintiff's claims against them also are barred by absolute legislative immunity, provided by the speech or debate clause of the Connecticut constitution,[7] which bars all relief against legislators who are carrying out legislative functions. "[O]nce it is determined that [m]embers [of the legislature] are acting within the legitimate legislative sphere the . . . [speech or debate c]lause is an absolute bar to interference." (Internal quotation marks omitted.) *Office of Governor* v. *Select Committee of Inquiry*, 271 Conn. 540, 563, 858 A.2d 709 (2004). The plaintiff alleges in his amended complaint that the state legislative defendants "attempted to derail House Bill HB-6487," either by voting against it or speaking about it on the Senate floor. Participating in such legislative debate and voting on proposed legislation undoubtedly constitutes " 'acting within the legitimate legislative sphere.' " Id. Thus, the plaintiff's state law claims against the legislative defendants in their official capacities are barred by sovereign immunity and absolute legislative immunity.

B

### The Plaintiff's Federal Law Claims

The plaintiff also seeks money damages against the legislative defendants in their individual capacities for alleged violations of federal law. The legislative defendants argue that in addition to absolute legislative immunity, qualified immunity and lack of personal jurisdiction bar the plaintiff's claims against them. We agree.

"Qualified immunity shields federal and state officials from money damages unless a plaintiff pleads facts showing (1) that the official violated a statutory or constitutional right, and (2) that the right was clearly established at the time of the challenged conduct." (Internal quotation marks omitted.) *Ashcroft* v. *al-Kidd*, U.S. , 131 S. Ct. 2074, 2080, 179 L. Ed. 2d 1149 (2011). "[I]f it was objectively reasonable for him at the time of the challenged action to believe his acts were lawful"; (internal quotation marks omitted) *Amore* v. *Novarro*, 624 F.3d 522, 530 (2d Cir. 2010); then qualified immunity applies. Qualified immunity bars the plaintiff's claims because he failed to establish that the legislative defendants violated a statutory or constitutional right or that their actions were not objectively reasonable.

The plaintiff also failed to serve process on the legislative defendants in their individual capacities at their usual places of abode, as required under General Statutes § 52-57 (a). Rather, the plaintiff served the legislative defendants only in their official capacities at the office of the attorney general. In the absence of proper service, the trial court lacked personal jurisdiction over the legislative defendants in their individual capacities. See *Edelman* v. *Page*, 123 Conn. App. 233, 243–44, 1 A.3d 1188, cert. denied, 299 Conn. 908, 10 A.3d 525 (2010). Accordingly, the plaintiff's federal law claims against the legislative defendants in their individual capacities are barred by qualified immunity and lack of personal jurisdiction.

### II

### CLAIMS AGAINST JUDICIAL DEFENDANTS

The plaintiff makes several claims against the judicial defendants in both their official and individual capacities, under state and federal law, arising out of the court's failure to declare § 52-190a unconstitutional. The judicial defendants argue that the plaintiff's claims are barred by absolute judicial immunity, qualified immunity, and lack of personal jurisdiction. We agree.

Absolute judicial immunity bars the plaintiff's state law claims against the judicial defendants in their official capacities. "It is a long-standing doctrine that a judge may not be civilly sued for judicial acts he undertakes in his capacity as a judge." *Lombard* v. *Edward J. Peters, Jr., P.C.*, 252 Conn. 623, 630, 749 A.2d 630 (2000). The improper actions alleged by the plaintiff

against Judge Parker of issuing incorrect legal rulings and orders in the plaintiff's malpractice and mandamus actions, applying unconstitutional laws, intimidating the plaintiff during hearings, engaging in ex parte communications, and requiring the plaintiff to obtain legal counsel for the claims of his wife's estate, undeniably were actions taken in Judge Parker's official judicial capacity. Thus, the plaintiff's claims against him are barred by absolute judicial immunity.

We arrive at the same conclusion with regard to the plaintiff's claim against appellate clerk Gannuscio, alleging that he wilfully refused to grant the plaintiff's motion for extension of time. "Clerks, like judges, are immune from damage suits for performance of tasks that are an integral part of the judicial process." (Internal quotation marks omitted.) *Chance* v. *Superior Court*, United States District Court, Docket No. 3:04CV155 (MR) (D. Conn. December 13, 2004). Because the determination of whether to grant or deny the plaintiff's motion for extension of time falls within the judicial function of a clerk under Practice Book § 66-1, the plaintiff's claim against Gannuscio is barred by absolute judicial immunity.

For the reasons set forth in part I B of this opinion, qualified immunity and lack of personal jurisdiction bar the plaintiff's claims for money damages against the judicial defendants in their individual capacities. The plaintiff has failed to allege facts sufficient to conclude that the judicial defendants' conduct was outside the scope of their employment as judicial branch employees, or that such conduct rose to the level of being wanton, reckless or malicious. He also has failed to establish that the judicial defendants violated a statutory or constitutional right or that their actions were not objectively reasonable. Further, the plaintiff failed to serve process on the judicial defendants in their individual capacities at their usual places of abode, and thus, the court lacked personal jurisdiction over them.

Accordingly, the plaintiff's claims against the judicial defendants in both their official and individual capacities for alleged violations of state and federal law are barred by absolute judicial immunity, qualified immunity, and lack of personal jurisdiction.

### III

### CLAIMS AGAINST THE INSURANCE COMPANY

The plaintiff also appeals from the trial court's judgment granting the motion to dismiss filed by the insurance company. The insurance company argues that this court should decline review of the court's judgment dismissing the counts against it, which sought, inter alia, a writ of mandamus, because the plaintiff has failed to adequately brief this issue on appeal.

"An appellant who fails to brief a claim abandons it." *State* v. *Zarick*, 227 Conn. 207, 221, 630 A.2d 565 (1993),

"Where the parties cite no law and provide no analysis of their claims, we do not review such claims." (Internal quotation marks omitted.) *Knapp* v. *Knapp*, 270 Conn. 815, 823 n.8, 856 A.2d 358 (2004); see *DeLucia* v. *Burns*, 11 Conn. App. 439, 444 n.7, 527 A.2d 1234 (bare assertions, without citations to legal authority evade meaningful appellate review), cert. denied, 205 Conn. 803, 531 A.2d 935 (1987). The plaintiff's initial brief is silent as to why the court's dismissal of the counts against the insurance company was improper, and we decline to review any arguments advanced for the first time in his reply brief. See *Mangiafico* v. *State Board of Education*, 138 Conn. App. 677, 680–81 n.4, 53 A.3d 1066 (2012). Because the plaintiff has not adequately briefed his claim that dismissal of the counts against the insurance company was improper, we decline to review it.

The judgment is affirmed.

[1] General Statutes § 52-190a provides in relevant part as follows: "The complaint . . . shall contain a certificate of the attorney or party filing the action . . . that such reasonable inquiry gave rise to a good faith belief that grounds exist for an action against each named defendant . . . . To show the existence of such good faith, the claimant . . . shall obtain a written and signed opinion of a similar health care provider . . . that there appears to be evidence of medical negligence and includes a detailed basis for the formation of such opinion. . . . The claimant . . . shall retain the original written opinion and shall attach a copy of such written opinion, with the name and signature of the similar health care provider expunged, to such certificate. . . ."

[2] Senator Terry Gerratana, Senator Robert Kane, Senator Tony Guglielmo, Senator Len Fasano, Senator Toni Boucher, Senator Jason Welch, Senator Toni Harp, Senator Kevin Witkos, Senator Michael McLachlan, Senator Anthony Musto, Senator Len Suzio, and Representative Prasad Srinivasan (legislative defendants).

[3] The Honorable Thomas F. Parker and appellate clerk Alan Gannuscio (judicial defendants).

[4] There are no specific allegations made by the plaintiff against the New London Superior Court and neither the plaintiff nor counsel for the state defendants have addressed in their briefs any claims asserted specifically against that court.

[5] The plaintiff stated in his oral argument on this appeal that he previously has withdrawn this court as a party to the underlying action. Additionally, neither the plaintiff nor counsel for the state defendants have addressed in their briefs any claims asserted specifically against this court.

[6] See footnotes 4 and 5 of this opinion.

[7] The constitution of Connecticut, article third, § 15, provides: "The senators and representatives shall, in all cases of civil process, be privileged from arrest, during any session of the general assembly, and for four days before the commencement and after the termination of any session thereof. And for any speech or debate in either house, they shall not be questioned in any other place."