******************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.
******************************************

ANDRES R. SOSA *v.* COMMISSIONER
OF CORRECTION ET AL.
(AC 38585)

Sheldon, Mullins and Sullivan, Js.

*Syllabus*

The self-represented, incarcerated plaintiff brought this action against the
defendants, employees of the Department of Correction, including the
Commissioner of Correction, claiming that the defendants wrongly
revoked his visitation privileges in violation of his constitutional rights.
The trial court granted the defendants' motion to dismiss as to all claims
for monetary damages as to all of the defendants in their official and
individual capacities on the basis of sovereign immunity, and it dismissed
all of the plaintiff's claims for injunctive and declaratory relief against
the defendants in their individual capacities due to insufficient service
of process. The court denied the motion to dismiss the plaintiff's claims
for prospective declaratory and injunctive relief against the defendants
in their official capacities. From the judgment of dismissal, the plaintiff
appealed to this court. *Held*:

1. Because the trial court denied the defendants' motion to dismiss the
   plaintiff's claims for declaratory and injunctive relief against the defen-
   dants in their official capacities, those claims remained pending, and,
   therefore, the court did not render a final judgment disposing of all
   causes of action against the defendants in their official capacities;
   accordingly, because there was no final judgment as to all of the plain-
   tiff's claims against the defendants in their official capacities, this court
   lacked jurisdiction over the plaintiff's appeal from the dismissal of his
   claims for monetary damages against the defendants in their official
   capacities.

2. The plaintiff could not prevail on his claim that the trial court improperly
   dismissed his claims for monetary, declaratory and injunctive relief
   against the defendants in their individual capacities, which was based
   on his claim that the court improperly dismissed those claims for insuffi-
   cient service of process and determined that those claims were barred
   by qualified immunity; the plaintiff's challenge to the court's qualified
   immunity determination was inadequately briefed and, thus, was not
   reviewable, and where, as here, the defendants were served at the Office
   of the Attorney General, not at their usual places of abode, they were
   properly served in their official capacities only and, therefore, the trial
   court properly dismissed all of the plaintiff's claims against the defen-
   dants in their individual capacities for lack of personal jurisdiction.

Argued May 30—officially released August 29, 2017

*Procedural History*

Action, inter alia, to recover damages for the alleged
deprivation of the plaintiff's federal constitutional
rights, and for other relief, brought to the Superior Court
in the judicial district of New Britain, where the court,
*Gleeson, J.*, granted in part the defendants' motion to
dismiss, from which the plaintiff appealed to this court.
*Appeal dismissed in part; affirmed.*

*Andres R. Sosa*, self-represented, the appellant
(plaintiff).

*Robert S. Dearington*, assistant attorney general, with
whom, on the brief, was *George Jepsen*, attorney gen-
eral, for the appellees (defendants).

*Opinion*

PER CURIAM. The self-represented, incarcerated plaintiff, Andres R. Sosa, brought this action for monetary damages and declaratory and injunctive relief, pursuant to 42 U.S.C. § 1983, against employees of the Department of Correction, including Commissioner of Correction Scott Semple, Warden Carol Chapdelaine, and District Administrator Angel Quiros, individually and in their official capacities. The plaintiff claimed that the defendants wrongly revoked his visitation privileges in violation of his rights under the first and fourteenth amendments to the United States constitution. The trial court granted in part and denied in part a motion to dismiss filed by the defendants. The court granted the motion to dismiss as to all claims for monetary damages as to all of the defendants in their official and individual capacities. The court also granted the motion to dismiss the plaintiff's claims for injunctive and declaratory relief against the defendants in their individual capacities, but denied the motion to dismiss his claims for prospective declarative and injunctive relief against the defendants in their official capacities. The plaintiff appeals from the judgment of dismissal of all of his claims against the defendants in their individual capacities and his claim for monetary damages in their official capacities. Because there is no final judgment as to the plaintiff's claims against the defendants in their official capacities, we dismiss the plaintiff's appeal from the judgment of the trial court dismissing his claim for monetary damages against the defendants in their official capacities. We affirm the judgment of the trial court dismissing all of the claims against the defendants in their individual capacities.

The trial court set forth the following relevant procedural history. "The action primarily concerns the constitutionality of a portion of Department of Correction administrative directive § 10.6 prohibiting prisoners from receiving contact visits for a two year period for each individual class A or B disciplinary report.

"On December 5, 2014, the plaintiff filed a complaint, dated November 18, 2014, against the defendants. The plaintiff alleges that, on August 9, 2014, he was given a class A disciplinary report for masturbating inside his own cell. The plaintiff alleges that he was issued several sanctions, including an automatic two year loss of contact visits, pursuant to administrative directive § 10.6. The plaintiff claims that the two year restriction on contact visits is not a permissible penalty under administrative directive § 9.5.

"The plaintiff further alleges that during his seventeen years of incarceration, he has been deprived of physical contact with family and friends for a period of twelve or more years, and was not provided with a due process hearing in which to appeal the denial of his contact

visits. The plaintiff claims that this fact show[s] that the defendants have created an unconstitutional 'custom policy.'

"The plaintiff alleges that the only notice provided by the defendants was in 2001, and the notice stated that the plaintiff will be deprived of contact visits for (1) intoxication, (2) assault, (3) refusal to give urine specimen, (4) visiting room misconduct, and (5) contraband. The plaintiff states that the only listed violation that he is actually guilty of was fighting in 2001.

"On March 12, 2015, the defendants filed a motion to dismiss the entire action. On April 22, 2015, the plaintiff filed an objection to the motion. The matter was heard at short calendar on June 22, 2015." (Footnotes omitted.)

By way of memorandum of decision filed on October 8, 2015, the trial court granted in part and denied in part the defendants' motion to dismiss. The court granted the motion to dismiss as to all claims for monetary damages as to all of the defendants in their official capacities on the basis of sovereign immunity. The court granted the defendants' motion to dismiss the plaintiff's claims against the defendants in their individual capacities on the basis of qualified immunity because none of the plaintiff's claims invoked a protected liberty interest in contact visitation, which has been held to be a privilege rather than an entitlement. The court also determined that the plaintiff had not properly served his action upon the defendants in their individual capacities and thus that it lacked personal jurisdiction over all of his claims against the defendants in their individual capacities. Accordingly, the court dismissed all of the plaintiff's individual capacity claims on the basis of insufficiency of service of process. This appeal followed.

"A motion to dismiss . . . properly attacks the jurisdiction of the court . . . . A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction. . . . [O]ur review of the trial court's ultimate legal conclusion and resulting [decision to grant] . . . the motion to dismiss will be de novo." (Citation omitted; internal quotation marks omitted.) *State* v. *Courchesne*, 296 Conn. 622, 668, 998 A.2d 1 (2010).

The plaintiff first challenges the trial court's judgment dismissing its claims against the defendants for monetary damages on the basis of sovereign immunity. In ruling on the motion to dismiss, the trial court denied the motion as to the plaintiff's claims for declaratory and injunctive relief, granting the motion only as to monetary damages. The statutory right to appeal is limited to appeals by parties aggrieved by final judgments. General Statutes § 52-263; *State* v. *Curcio*, 191 Conn. 27, 30, 463 A.2d 566 (1983).[1] Practice Book § 61-3 pro-

vides in relevant part that a judgment that does not fully dispose of a complaint is a final judgment only if it "disposes of all causes of action in [the] complaint . . . brought by or against a particular party or parties. . . ." Because the court denied the motion to dismiss the plaintiff's claims for declaratory and injunctive relief, those claims remain pending, and thus the court did not render a final judgment disposing of all causes of action brought against the defendants in their official capacities. Because there is no final judgment as to all of the plaintiff's claims against the defendants in their official capacities, this court lacks jurisdiction over the plaintiff's appeal from the judgment of dismissal of his claim for monetary damages.

The plaintiff also claims that the trial court erred in dismissing his claims for monetary, declaratory and injunctive relief against the defendants in their individual capacities. The plaintiff first challenges the court's determination that his claims against the defendants in their individual capacities were barred by qualified immunity. The court based its qualified immunity determination on the ground that the plaintiff had no constitutional liberty interest in visitation. Purporting to challenge that determination, the plaintiff argued: "The [defendants'] conduct did violate clearly . . . constitutional rights in which a reasonable person would have know[n], making the defendants not entitle[d] to qualified immunity." Other than an additional bald statement that his "interest in having contact visits is among the interest[s] protected by the fourteenth amendment's due process clause," the plaintiff provides no additional factual or legal analysis in support of his challenge to the trial court's thorough and amply supported ruling. We conclude that the plaintiff's challenge to the court's qualified immunity determination is inadequately briefed, and thus we decline to address it. See *State* v. *Buhl*, 321 Conn. 688, 724, 138 A.3d 868 (2016).

Finally, the plaintiff challenges the trial court's finding of insufficiency of service of process on the defendants in their individual capacities, and its resulting judgment dismissing his claims against the defendants in their individual capacities. "[T]he Superior Court . . . may exercise jurisdiction over a person only if that person has been properly served with process, has consented to the jurisdiction of the court or has waived any objection to the court's exercise of personal jurisdiction. . . . [S]ervice of process on a party in accordance with the statutory requirements is a prerequisite to a court's exercise of [personal] jurisdiction over that party." (Citation omitted; internal quotation marks omitted.) *Matthews* v. *SBA, Inc.*, 149 Conn. App. 513, 529–30, 89 A.3d 938, cert. denied, 312 Conn. 917, 94 A.3d 642 (2014). Pursuant to General Statutes § 52-57 (a),[2] a defendant in any civil action must be served in hand or at his usual place of abode. This requirement includes civil suits brought against state defendants

who are sued in their individual capacities. See *Edelman* v. *Page*, 123 Conn. App. 233, 243, 1 A.3d 1188, cert. denied, 299 Conn. 908, 10 A.3d 525 (2010).

Thus, a plaintiff who serves a state defendant pursuant to General Statutes § 52-64 (a)[3] by leaving a copy of the process at the Office of the Attorney General has properly served the defendant only in his or her official capacity and has failed to properly serve the defendant in his or her individual capacity. See id.

Here, the defendants were served at the Office of the Attorney General, not at their usual places of abode, and they thus were properly served in their official capacities, not in their individual capacities. Accordingly, we conclude that the court properly dismissed all of the plaintiff's claims against the defendants in their individual capacities for lack of personal jurisdiction.

The appeal from the judgment of dismissal of the plaintiff's claim against the defendants in their official capacities is dismissed. The judgment is affirmed in all other respects.

[1] Prior to oral argument before this court, we ordered the parties "to be prepared to address at oral argument whether the portion of the appeal that challenges the dismissal of the claim for money damages asserted against the defendants in their official capacities should not be dismissed for lack of a final judgment because the court did not dispose of all causes of action asserted against the defendants in their official capacities."

[2] General Statutes § 52-57 (a) provides: "Except as otherwise provided, process in any civil action shall be served by leaving a true and attested copy of it, including the declaration or complaint, with the defendant, or at his usual place of abode, in this state."

[3] General Statutes § 52-64 (a) provides: "Service of civil process in any civil action or proceeding maintainable against or in any appeal authorized from the actions of, or service of any foreign attachment or garnishment authorized against, the state or against any institution, board, commission, department or administrative tribunal thereof, or against any officer, servant, agent or employee of the state or of any such institution, board, commission, department or administrative tribunal, as the case may be, may be made by a proper officer (1) leaving a true and attested copy of the process, including the declaration or complaint, with the Attorney General at the office of the Attorney General in Hartford, or (2) sending a true and attested copy of the process, including the summons and complaint, by certified mail, return receipt requested, to the Attorney General at the office of the Attorney General in Hartford."